BETHUNE v. WELLS et al.

A single stockholder in a corporation aggregate cannot, without suing in behalf of all the interested stockholders and allowing them to become co-parties, maintain an action against the directors for misfeasance or non-feasance in their official conduct, whereby the income or earnings of the corporation, and consequently the value of the plaintiff's stock, were less than they otherwise would have been. If the plaintiff was the sole stockholder whose interest was affected by the default attributed to the directors, he should have so alleged in his petition. As the corporation is, in contemplation of law, the party directly and immediately aggrieved by any want

of diligence or fidelity in the conduct of its directors, it should be a party defendant to an action brought by the stockholders, in order that the result may bind it and bar any future action which it might bring for the same cause.    *Judgment affirmed.*

April 9, 1894.  Argued at the last term.

Equitable petition.  Before Judge BUTT.  Muscogee superior court.  May term, 1893.

Bethune brought his petition against Wells and six other individuals, alleging that they became directors of the Chattahoochee Building and Loan Association, a corporation, and accepted the trust, and that he became a stockholder in series A, owning ten shares of the capital stock.  He set out the plan of operation of the corporation, as to monthly payments upon the stock, the disposal of its funds at monthly meetings by loans to members, etc.; and alleged that defendants, neglecting their duty as directors, did not have monthly meetings of the stockholders, nor have monthly meetings of the directors, and dispose of the funds as required by the charter and by-laws of the association; so that at the expiration of the eighty-four months when series A ran, each share of that stock was worth only $93, instead of $128 as it should have been according to the plan of the association properly managed; wherefore he was by defendants' negligence damaged $1,000.  Defendants demurred for want of proper parties, and because they were not liable to plaintiff as a stockholder for damages sustained by reason of negligence.  The demurrer was sustained, and plaintiff excepted.

THORNTON & MCMICHAEL and H. C. CAMERON, for plaintiff.  W. A. LITTLE and L. F. GARRARD, for defendants.