## HUSON ICE AND COAL COMPANY v. THORNTON.

1. Suit was brought on a promissory note payable to the order of the plaintiff. The defendant pleaded, in brief, as follows: The note was given for the purchase of two shares of stock in a corporation, but the stock has never been delivered or tendered to him, and the consideration of the note has wholly failed. The plaintiff represented that it was organizing a corporation for the purpose of making ice at a point named; that the business was profitable; that the plaintiff was furnishing the machinery and appliances therefor for stock in the company; that the machinery and appliances were complete, in good condition and practically as good as new, had been in use only two years and had a capacity for manufacturing fifteen tons of ice per day; and that the plaintiff was moving the machinery from the town where it then was, because the plant was too small for the business at that place, and the plaintiff was replacing it with a larger plant. These representations were knowingly and wilfully false and fraudulent. In truth the business was unprofitable, the machinery was old, rusted, and worthless, and the plaintiff was insolvent, and was not moving and replacing the machinery with a larger plant. The plant did not produce fifteen tons of ice per day, and did not average one ton per day. After ninety days of trial, the new company was insolvent, the business abandoned, and the stock worthless. The entire plant, including real estate and buildings as well as machinery, was sold at public sale for $1,000, being not more than one half of the debts, though the machinery had been put in for stock at the price of $10,000. *Held*, that there was no error in overruling a demurrer to the plea.

2. Although the evidence might have authorized a different verdict, it can not be declared as matter of law that a verdict for the defendant was unsupported.

3. While there may have been some slight inaccuracies in the charge, yet, when the portion complained of is considered with the entire charge, it does not require a new trial.

4. Some of the requests to charge were properly refused, and others were sufficiently covered by the general charge.

APRIL 13, 1915.

Complaint. Before Judge Park. Greene superior court. August 31, 1914.

The Huson Ice and Coal Company brought suit against T. R. Thornton on a promissory note, payable to the order of the plaintiff, and dated September 28, 1909. The defendant pleaded failure of consideration, and fraud in the procurement of the contract. He alleged, in substance, as follows: The note was given by the defendant to the plaintiff for the purchase of three shares of stock in the Union Point Ice Company. The stock has never been delivered or tendered to him, and the consideration of the note has wholly failed. ` The note was procured by means of fraudulent rep-

resentations inducing the defendant to buy the stock. The plaintiff represented, that it was organizing the Union Point Ice Company for the purpose of making ice at Union Point; that the business was profitable; that the plaintiff was furnishing the necessary machinery and appliances for stock in the company; that such machinery and appliances were complete and in good condition—practically as good as new—and had been in use only two years, and had a capacity for manufacturing fifteen tons of ice per day; and that the plaintiff was moving it from Covington to Union Point only because the plant was too small for the business at the former place, and it was replacing such machinery with a larger plant at that point. The truth was that the business was unprofitable, the plaintiff was insolvent, was not replacing the plant with a larger one at Covington and has never done so, and was not moving the plant because it was too small, but because it was old and worthless. The ice plant sold by the plaintiff to the Union Point Ice Company was not practically as good as new, had been used for much more than two years, and was second-hand when plaintiff bought it. The pipes were rusted and weak, the ammonia plant would not stand sufficient pressure to make ice successfully, the pumps were worn out and worthless—one not running at all, and another giving out after a little use. A number of the ice cans were missing, and the others were old and dilapidated. The boiler was old and rusty, and no part of the apparatus was good and effective. The plant was incapable of making fifteen tons of ice per day, and at no time produced more than seven tons, and did not average one ton per day; so that it was impossible to operate it without great loss. It proved wholly worthless and the business unprofitable, and after ninety days of trial the Union Point Ice Company was insolvent, the business was abandoned, and the stock was worthless. The false representations were made by the plaintiff wilfully for the purpose of getting rid of a worthless plant, and the entire transaction was fraudulent. The defendant was wholly inexperienced in the ice business, and knew nothing of such business or of machinery for making ice. At the time when the contract was made, the ice plant was at Covington, more than fifty miles away, where he could not have inspected it, if inspection would have revealed anything to him; but the defects were largely latent, and not apparent on inspection, but only developed when the effort was made to

use the machinery. The organization of the Union Point Ice Company was a mere means adopted by the plaintiff for selling its worthless machinery. The misstatements were known to be untrue by the agent of the plaintiff who negotiated the transaction, and were made for the purpose of misleading and defrauding the defendant.

The plaintiff demurred to the plea and also to that portion of it which set up fraud in the transaction. The demurrer was overruled, except as to certain allegations not material here. The jury found for the defendant. The plaintiff moved for a new trial, which was denied, and it excepted. Other facts are stated in the opinion.

*Rogers & Knox,* for plaintiff. *S. H. Sibley,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

1. The plea does not present the somewhat ordinary case of a purchaser of stock who finds it not worth as much as he thought it was, and claims a failure of consideration, or a breach of warranty; or the other quite common case of one who is induced by fraud to make a purchase, and, having received something of value, seeks to obtain rescission without restoration or prompt offer thereof. It alleges a case where the owner of a badly worn, rust-eaten, and practically worthless ice plant sought to unload it upon others by means of fraudulent representations and through the device of organizing a corporation to take over the property, and the sale of stock to be issued by it. The representations averred were not mere expressions of opinion as to the value or saleableness of property, nor mere boasting in regard to merchandise. They were false statements as to facts, charged to have been knowingly and wilfully made. It did not appear from the allegations that the purchaser relied on his own judgment, or was so negligent in making the trade as to prevent relief.

When the defendant gave his note, there was no Union Point Ice Company. The note was alleged to have been given to the plaintiff for the purchase of stock, and not for the machinery itself. According to the allegations of the plea, this agreement was procured by fraud, and the defendant has never received the stock, and it is worthless. The demurrer to the plea was properly overruled. It was based on an apparent misconception of the substantial defense set up.

2. There may have been evidence on which the jury could have found a different verdict. But it can not be held that they were not authorized to find, as they did, for this defendant. He testified, among other things, that the note was given to the plaintiff for two shares of stock; that he never received any stock or anything at all for his note, though he signed a list, and certain certificates were made out in his name (which were held and produced in court by the plaintiff) ; and that he was not an officer in the new company after it was organized. There was sufficient evidence to support a finding that a fraud was perpetrated on the defendant, and there was no error in submitting that issue to the jury. On the trial a written contract between the plaintiff and the Union Point Ice Company, the latter signing through its secretary and treasurer, was introduced by the plaintiff. It was an agreement by that company to buy from the plaintiff a second-hand ice machine, with a "rated capacity" of fifteen tons, for the price of $10,000. The defendant testified that he never heard of such a contract before the trial. It was argued that this contract effectually destroyed the defense. The defense, however, was, not that the defendant bought the machine and that it was not of the character represented or warranted, but that he gave his note to the plaintiff, before the new company was organized, for two shares of stock which he was to receive; that he was entrapped into so doing by fraud; and that the stock was worthless, and he never received it, and had nothing of value to tender back. The contract between the new company and the plaintiff was made nearly two months after the note was given, and after the new company had been organized. This was not a suit by the company on a stock subscription; and the ruling in *South Georgia & Florida R. Co.* v. *Ayres, 56 Ga.* 230 (2), is not controlling. Nor did the evidence of a member of the plaintiff company, as to receiving the note from the new company as part payment for the machinery, necessitate a finding for the plaintiff, in view of the other evidence. Whether the defendant was guilty of laches in repudiating the agreement with the plaintiff was a question for the jury, and we can not say that their finding was without support in the evidence, so as to be erroneous as matter of law.

3, 4. Some of the rulings of the court may not have been entirely beyond criticism. For example, the charge as to whether "the defect, if any, in not making the amount of ice stated was due to a

deficiency in the water supply," standing alone, may not be an apt expression. But, when taken in connection with the entire charge, it does not require a new trial. Some of the requests to charge were properly refused, and others were sufficiently covered by the general charge. The seventh and eighth grounds of the motion for a new trial were not referred to in the brief of counsel for the plaintiff in error, and will be treated as abandoned.

Upon the whole, there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*