### 11623.  CUNNINGHAM *v.* HUSON ICE & COAL COMPANY.

JENKINS, P. J. 1. Where there has not been fraud, accident, or mistake in the actual execution of a contract, but where in a legal sense the agreement has been knowingly entered upon, a party to the contract is never permitted, either under the guise of inquiring into the consideration or for the purpose of showing fraud in its procurement, to engraft upon it previous or contemporary promises, expressions of opinion, or conditions, so as to alter or deny the explicit terms of the instrument itself. But any misrepresentation of a material existing fact, whereby the other party has been induced to act, amounts to legal fraud, irrespective of whether it was wilfully or innocently made. *Dinkler* v. *Baer,*

92 *Ga.* 432(3) (17 S. E. 953); *Chattanooga &c. R. Co.* v. *Warthen*, 98 *Ga.* 599 (25 S. E. 988); *Bank of Lavonia* v. *Bush*, 140 *Ga.* 594 (79 S. E. 459); *Hayes* v. *Carrollton Bank*, 143 *Ga.* 522, 524 (85 S. E. 699); *Rheney* v. *Anderson*, 22 *Ga. App.* 417, 418 (96 S. E. 217); Civil Code (1910), §§ 4113, 4623. Thus, in so far as the plea and answer in the instant case sought to show that the defendant, as maker of the purchase-money note for corporate stock, relied upon the statements of fact made by the officers and agents of the plaintiff vendor, to the effect that the machinery purchased for the ice corporation whose stock the defendant was buying had been operated only during one season and a part of another, and had a daily capacity of 15 tons, whereas the statements were untrue and the machinery was at the time of its purchase very much older, and its daily capacity had never at any time exceeded 10 tons, a good plea of fraud was set up as against a mere general demurrer or motion to dismiss, it also appearing from the answer that "the consideration of said contract has totally failed" on account of the plant being "entirely worthless."

2. The amendment by which the defendant sought to plead new facts as additional ground of defense was not accompanied by the affidavit prescribed by the Civil Code (1910), § 5640, and the judge did not abuse his discretion in not allowing the amendment. *Beacham* v. *Wrightsville &c. R. Co.*, 125 *Ga.* 362(2) (54 S. E. 157).

3. The defendant not having filed a plea of non est factum, but having in his plea and answer expressly admitted signing the note sued on, and having explicitly assumed the burden of sustaining the defense set up by him, it was not incumbent on the plaintiff to prove the execution of the note; and after the court had dismissed the petition because the plaintiff failed to prove the execution of the note, the court did not err in rescinding this action on the plaintiff's motion, based purely upon a question of law, and reinstating the case, which, in accordance with the ruling made in the first division of the syllabus, will now stand for trial under the plaintiff's petition and the defendant's plea and answer. *Moore* v. *Smith Machine Co.*, 4 *Ga. App.* 151, 153 (60 S. E. 1035).

> *Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED FEBRUARY 15, 1921.

Complaint; from Fulton superior court — Judge Pendleton. May 12, 1920.

*W. H. Lewis, A. C. Corbett,* for plaintiff in error.

*Rogers & Knox,* contra.