HINTON *et al. v.* MOBLEY, superintendent of banks, *et al.*

No. 6361. September 15, 1928.

*Hugh Howell, Dorsey, Howell & Heyman,* and *Brown & Brown,* for plaintiffs.

*Park, Davie & Reid, E. L. Reagan,* and *E. M. Smith,* for defendants.

Russell, C. J.   Mrs. W. J. Hinton and eight other named persons filed a petition against the officers and directors of the Bank of Stockbridge, the Bank of Stockbridge, and A. B. Mobley, State superintendent of banks.   It is alleged that plaintiffs are stockholders in said bank; that on July 15, 1926, the named directors of said bank voted to place its affairs in the hands of the superintendent of banks; that the bank's officers and directors have been guilty of many acts of misfeasance and neglect of duty in the conduct of said bank, which are detailed in the petition, by reason of which they have caused plaintiffs to lose the value of their stock and in addition thereto have caused them to lose a like amount on account of their stockholder's liability thereon; that "plaintiffs bring this suit in their own behalf as stockholders and in behalf of all other stockholders of said bank who may be similarly situated, and  .  . for the benefit of themselves and all other stockholders of said bank who may desire to intervene in this suit," and lay their damages in the amount of the par value of the shares of stock held by them and an equal amount as the 100 per cent. stock assessment which has been issued against them; that the superintendent of banks is about to pay a small dividend to the depositors of said bank; that among said defendants are the largest

depositors of the bank; and that the court should restrain and enjoin the superintendent of banks from paying a dividend to the officers and directors as depositors of said bank. The defendants filed general and special demurrers, in which they asserted that the plaintiffs had no right to bring the suit, and that the law had vested the exclusive right to bring suit for the cause of action alleged in the superintendent of banks. The same contention was raised by the answer of the superintendent of banks, who prayed that he be named as the plaintiff in such action. The trial judge sustained the demurrers, and ordered that the superintendent of banks be substituted in lieu of the plaintiffs named in the petition, and that the names of the original parties plaintiff be stricken, "and that said action do proceed in his name for said Bank of Stockbridge; and if recovery be had, that the same be for the benefit of the creditors and stockholders of the said defunct bank."

As appears from the petition, the plaintiffs are stockholders in the Bank of Stockbridge, which has been placed in the hands of the superintendent of banks. The suit is brought by the plaintiffs not only for themselves but in behalf of any and all of the stockholders who may wish to join in the litigation. It is unnecessary to recapitulate the several demurrers, general and special, which were filed by the defendants; for the effect of sustaining the general demurrer was to hold that the allegations of the petition, so far as the plaintiffs are concerned, set forth no cause of action. Nor is it necessary to inquire whether, in ruling upon the general demurrer and dismissing the plaintiffs from the action, the court had the authority to make the superintendent of banks the plaintiff in the suit which had been filed against him as a defendant; for no ruling upon that point is invoked in the bill of exceptions. The sole question presented is whether a stockholder in a bank, under the provisions of the banking act of 1919 (Acts 1919, p. 135), as amended by the act of 1922 (Acts 1922, p. 63), can maintain an action for malfeasance, misfeasance, or neglect of duty, against a director individually whose conduct as such is alleged to have caused the insolvency of the bank, whereby the plaintiff as a stockholder lost the fund invested in the stock and was subjected to an assessment of 100 per cent. of the face value of the stock. It is a general principle of almost universal application in this country that one who is injured by the fraud and misrepresenta-

tion of another, and especially by means of false and fraudulent misrepresentations, may recover damages in an action of deceit from the person who caused the injury, regardless of the official capacity in which the individual acts. It is upon this principle that we decided the case of *Hines* v. *Wilson,* 164 *Ga.* 888 (139 S. E. 802), where we held that the use of the word "may" as employed in section 7a of the act of 1922, supra (p. 65), authorized the superintendent of banks to sue for all debts due the bank, but did not include causes of action in which the bank had no interest, and where the recovery of damages for deceit would not inure to the benefit of the bank but accrue only to the individual who might have been defrauded and injured by the acts of an individual who happened to be an official of the bank, but was acting at the time he inflicted the injury wrongfully and fraudulently and without the scope of his duties. In the case at bar the plaintiffs are stockholders, whereas in the case of *Hines* v. *Wilson* the plaintiffs were depositors. A bank is constituted by the stockholders, and the stockholders as a whole complete and make the entity known as the bank. The banking act requires the superintendent of banks to collect the assets of the bank, including all debts due it. As stockholders are the bank, the stock of the bank, whatever may be its value, is in the first instance an asset of the bank. Indeed, when the bank is first organized, its only asset is the cash paid in as stock to enable it to do business. It follows that while a depositor or other creditor of the bank, who has been induced by the fraud of a director or other officer of a bank to contribute to its exchequer, and who otherwise might be remediless, may obtain judgment against the individual who wronged him, since it can not be presumed that it was the purpose of the law to legalize frauds on the part of the bank or that the stockholders of the bank would be willing to participate in the perpetration of fraud, in the case of a depositor of a corporation (whether engaged in banking, insurance, or other business of nature similar to these), who has a fraud committed upon him by an individual who happens to be an officer in such corporation, it is to be presumed, prima facie at least, to be the act of the individual and not of the corporation. In the case now before us, under the plain provisions of the banking act, supra, the superintendent of banks, as the successor of the insolvent bank, represents all the stockholders, and

he alone can maintain an action like the present, in which all of the acts alleged to have been done were injurious to all of the stockholders alike. If the petition alleged a case in which the stockholders were induced to buy the stock by reason of the false statement alleged in the petition, a different case would be presented. It not being so alleged, under the well-settled rule that pleadings are to be construed most strongly against the pleader, it must be presumed that the false statement with reference to insuring deposits of the bank was published after the plaintiffs were already stockholders in the bank. We are therefore of the opinion that the trial judge did not err (as against the plaintiffs in error) in sustaining the demurrer, and in holding that the action could be maintained only by the superintendent of banks, and in ordering the action to proceed in the name of the superintendent of banks the plaintiffs can find no cause for complaint. This action was not harmful, because, if the allegations of the petition can be established, the plaintiffs will share, as they should, with all the other stockholders in whatever recovery may be obtained. *Judgment affirmed. All the Justices concur, except*

HINES, J., dissenting. This proceeding was not brought to collect any claim of the bank against the defendants, or for any wrong of the latter to the bank alone. If such had been the purpose of the suit, the superintendent of banks could alone bring the suit. But the purpose of the suit was to enforce a liability of the defendants to the plaintiffs, on the ground that the defendants, as officers and directors of the bank, had by the unlawful management of its affairs damaged them by thus destroying the value of the stock. Such cause of action, if any exists, is one in favor of the stockholders, and not one in favor of the bank; and the action could be enforced only by them.