## HILL *et al.* v. HICKS *et al.*

BECK, P. J. 1. It has been held: "A single stockholder in a corporation aggregate can not, without suing in behalf of all the interested stockholders and allowing them to become coparties, maintain an action against the directors for misfeasance or nonfeasance in their official conduct, whereby the income or earnings of the corporation, and consequently the value of the plaintiff's stock, were less than they otherwise would have been. If the plaintiff was the sole stockholder whose interest was affected by the default attributed to the directors, he should have so alleged in his petition. As the corporation is, in contemplation of law, the party directly and immediately aggrieved by any want of diligence or fidelity in the conduct of its directors, it should be a party defendant to an action brought by the stockholders, in order that the result may bind it and bar any future action which it might bring for the same cause." *Bethune* v. *Wells,* 94 *Ga.* 486 (21 S. E. 230); *McAfee* v. *Zettler,* 103 *Ga.* 579 (30 S. E. 268); *Weslowsky* v. *Quarterman,* 123 *Ga.* 312 (51 S. E. 426).

2. Applying the foregoing principle, a suit is subject to demurrer which is instituted by a portion of the stockholders (less than all) of an in-

corporated bank, solely against the officers and directors of the bank individually, for damages on account of misfeasance and nonfeasance of such officers in the management of the affairs of the bank, causing its insolvency and rendering worthless the shares of the stock held by plaintiffs, and praying incidentally for cancellation of deeds executed by such officers of the bank and purporting to convey to themselves property of the bank and to third persons their individual property.

(a) It would not cure the defect in the petition to add the State superintendent of banks as a plaintiff suing for the "use of" the original petitioners, and it was not erroneous to disallow such an amendment.

(b) The case differs in its facts from *Hines* v. *Wilson*, 164 *Ga.* 888 (139 S. E. 802) decided by five Justices, in which, as appears from the original record in this court, creditors suing for themselves and "others similarly situated" instituted suit against the individual officers of a bank and others, in which the bank was also a defendant.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*

HINES, J. For the reasons set forth in my dissenting opinion in *Hinton* v. *Mobley*, 167 *Ga.* 60 (144 S. E. 738), I dissent from the opinion of the majority in this case. RUSSELL, C. J., joins in the dissent.

No. 7429. SEPTEMBER 15, 1930. REHEARING DENIED SEPTEMBER 29, 1929.

*J. H. Paschall, Y. A. Henderson,* and *M. B. Eubanks,* for plaintiffs.

*Joseph M. Lang,* for defendants.