FRANK H. SMITH, commissioner, &c., complainant,

*v.*

MONMOUTH TITLE AND MORTGAGE GUARANTY COMPANY, a corporation, et al., defendants.

[Decided January 29th, 1932.]

Mr. *Walter L. Hetfield, Jr.,* for the complainant.

BUCHANAN, V. C.

Application is made, under the General Insurance act (*P. L. 1902 ch. 134,* as amended by *P. L. 1931 ch. 244*), for injunction against, and the appointment of a receiver for, the above-named defendant company; and thereby is squarely presented the issue as to which doubt was expressed in the memorandum recently filed *In re Washington Casualty Insurance Company, 109 N. J. Eq. 483.*

The relief sought in this behalf must be denied.

The only authority of this court to enjoin an insolvent corporation against the exercise of its corporate franchises and to appoint a liquidating receiver for such corporation—on the sole ground of insolvency—is statutory.

Such authority is given to this court, under certain circumstances, by subsection B of section 56 of the 1931 amendment above mentioned.

The circumstances under which this court may take such action are specifically expressed in that statute—and are obviously jurisdictional. *Cf. Cook* v. *East Trenton Pottery Co., 53 N. J. Eq. 29.*

One of the jurisdictional circumstances specified by the statute in question is that "the commissioner of banking and insurance shall have refused * * * to take possession of the property and business of such company * * *." Another is that the application be made by the attorney-general or any creditor, stockholder, or member [of a mutual company]."

In the present case the bill is filed and the application made by the commissioner of banking and insurance and not by any one of the persons to whom the statutory authority is given; and it appears that instead of the commissioner having refused to take possession of the assets of the company, he has in fact taken possession thereof. Nothing is to be found in the statute authorizing this court to issue injunction and appoint a receiver under these circumstances.

The incorporation into the General Insurance act (by section 57 thereof) of the provisions of the General Corporation act, expressly excepts such provisions of the latter act as are inconsistent with the provisions of the Insurance act. Inasmuch as section 56 of the Insurance act deals expressly and in detail with the subject of enjoining and appointing receivers for insolvent insurance companies, it seems obvious that these provisions are inconsistent with the provisions of section 65 of the General Corporation act, and that the latter therefore do not apply to the cases of insolvent insurance companies.

However much this court might feel that the issuance of injunction and appointment of receiver would be advisable in a case like the present (and it would seem that in some instances such a course might well be advisable), this court is without power to act in that behalf unless and until the legislature shall amend the existing statute.