The defendant trust company had been engaged in a general banking and trust business in the city of Bayonne, Hudson county, State of New Jersey, prior to March 4th, 1933, when it was closed, and its business suspended, by virtue of a presidential order. Subsequently, an order of suspension *Page 528 
was issued by the governor of this state, or by the then commissioner of banking and insurance, William H. Kelly. Thereafter, the governor of New Jersey issued a decree which enabled the defendant to reopen its doors and re-engage in business. On January 2d 1934, its business was again suspended by the commissioner of banking and insurance under "An act concerning banks, trust companies and savings banks," approved February 21st, 1933, and the acts amendatory thereof and supplemental thereto.
Since the last order of suspension, the defendant has operated on a restricted basis under the provisions of chapter 27 of the laws of 1933, whereby it has received deposits under and by virtue of a trust agreement, and the moneys thus received were segregated in a special fund from the other assets of the defendant company.
A plan of reorganization of the trust company was afterward submitted to this court for approval. On November 4th, 1935, the plan was approved. A decree to that effect, dated November 12th, 1935, was filed. On June 18th, 1936, the commissioner of banking and insurance, Carl K. Withers, the defendant herein, publicly declared that the plan of reorganization could not be consummated. He, thereupon, took possession of the assets of the defendant under, and by virtue of, section 22 of chapter 255 of the laws of 1931. He has proceeded to liquidate the affairs of the defendant trust company.
The bill of complaint herein, and the supplemental or amended bill, among other things, state the above mentioned facts. It is also alleged that the defendant is insolvent, and has been for some time. The insolvency is charged to the management of the present commissioner of banking and insurance, his predecessors, and the officers and directors of the defendant trust company. Acts of non-feasance, misfeasance and malfeasance are alleged against the defendants.
The complainants state that the complaint is filed for the purpose of invoking the inherent equity jurisdiction of this court to take possession of the bank and all its assets and administer them as a trust under the jurisdiction of this court. *Page 529 
The defendant was organized under the provisions of the Trust Companies act of the State of New Jersey. Section 24 of that act outlines the conditions under which this court may appoint a receiver for a trust company, and they are jurisdictional.McDowell v. Mechanics Trust Co., 13 N.J. Mis. R. 532. The provisions of the General Corporation act, under which receivers are ordinarily appointed, are not applicable to the instant case. The principle expressed in Booream v. Washington CasualtyInsurance Co., 110 N.J. Eq. 164; 159 Atl. Rep. 519, fits this case.
The commissioner of banking and insurance, as above stated, has already taken possession of the assets of the defendant trust company. Gibbes v. Zimmerman, 290 U.S. 326; 54 S.Ct. 140,142.
I find no allegation that the commissioner of banking and insurance is dissipating the assets of the trust company; and I am not in accord with the reasoning of counsel of the complainants that because of the allegations of non-feasance, misfeasance and malfeasance of the predecessors of the present commissioner of banking and insurance (which I do not concede by any means as being established), it follows that the present commissioner of banking and insurance inherits those vices and is to be charged with them. Assuming that the former commissioner may have been derelict in his duties, by what process of reasoning can it be decided that the present commissioner, consequently, should be penalized? If the unfitness of A to hold public office has been established, the determination does not carry with it the inference that the taint thereof should settle upon the mantle of B, his successor.
In the case of Booream v. Washington Casualty Insurance Co.,supra, Vice-Chancellor Berry (at p. 166) said:
"The only other question which need now be decided is: has this court any jurisdiction under the General Corporation act to appoint a receiver for the defendant company and to wind up its affairs? The question must be answered in the negative. It was raised in my opinion in Smith, Commissioner, v. WashingtonCasualty Insurance Co., supra, but not answered, because an answer was unnecessary to a decision in that cause. Much of what I there said, however, is applicable *Page 530 
here but need not be repeated. Chapter 244, P.L. 1931, provides in detail for the appointment of receivers of insolvent insurance companies and enjoining them from the exercise of their franchises. These provisions are clearly inconsistent with those of section 65 of the General Corporation act. Vice-Chancellor Buchanan has recently reached the same conclusion in Smith,Commissioner, v. Monmouth Title and Mortgage Guaranty Co.,110 N.J. Eq. 117. Only under the circumstances mentioned in subsection B of section 56 of the General Insurance act as amended by chapter 244, P.L. 1931, can this court entertain a bill to enjoin and appoint a receiver of an insolvent insurance company. The requirement is that the commissioner shall have refused, after demand, to take possession."
The provisions of the General Insurance act and the act concerning trust companies are, so far as receivers are concerned, virtually identical. The provisions of the act concerning trust companies are inconsistent with those of the General Corporation act. Gallagher v. The Asphalt Company ofAmerica, 65 N.J. Eq. 258; 55 Atl. Rep. 259; Smith v. MonmouthTitle and Mortgage Guaranty Co., 110 N.J. Eq. 117;159 Atl. Rep. 509; McDowell v. Mechanics Trust Co., supra.
I am satisfied that the complainants have not shown any justification for the appointment of a receiver under the provisions of any statutory enactment, and I cannot see where it would be possible to appoint a receiver under the circumstances related in the complaint in the face of the present legislation under which the commissioner of banking and insurance took possession of the trust company's assets.
Mr. Justice Stone, speaking for the Supreme Court of the United States, in the case of Gordon v. Washington, 295 U.S. 35;79 L.Ed. 1282, 1287, 1288, expresses the following rule:
"* * * A receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity. It is not an end in itself. Where a final decree involving the disposition of property is appropriately asked, the court in its discretion may appoint a receiver to *Page 531 
preserve and protect the property pending its final disposition * * *. A federal court of equity will not appoint a receiver where the appointment is not ancillary to some form of final relief which is appropriate for equity to give."
This exposition of the rule is, also, to be found in 21 C.J.21 § 5:
"While the appointment of a receiver may be a part of the relief asked, such appointment is not final relief, nor is it the end or object of litigation; it is merely an ancillary, auxiliary, incidental, and provisional remedy, allowable only in or in connection with an action pending for some other purpose, and in which there is a prayer for other and final or ultimate relief, which the court has power to grant, which justifies it in proceeding with the case, and to which the appointment of a receiver is an aid."
The commissioner of banking and insurance having taken possession of the affairs of the defendant trust company, its officers and directors, against whom illegal acts are charged, as well as against others named in the bill, have been divested of, and removed from, all control over the trust company's business and assets. The complainants, consequently, no longer have a basis for complaint. There being nothing to which the appointment of a receiver can be ancillary, the application for a receiver, therefore, is without force.
The position of the defendants in the instant case is supported by the ruling laid down in Isaac v. Marcus, 258 N.Y. 257;179 N.E. Rep. 487, where the court said (179 N.E. Rep. — at p.490):
"All the sections of the statute read together show clearly that the legislature intended to impose upon the superintendent of banks the duty to collect and liquidate all the claims and assets of the banking corporation, at least until all the claims of creditors are satisfied, and to give him full power to carry out that duty free from interference by officers, directors, or stockholders of the bank. An action by a stockholder against the directors and third parties would not be controlled by the superintendent and might hamper him in obtaining a recovery. Even though the courts still remain open to stockholders for the protection of corporate rights where those in control of the corporation are remiss in protecting *Page 532 
those rights after the superintendent of banks has taken possession of the business of a banking corporation, a stockholder, appealing to the courts, must show that the superintendent of banks has failed and refused to bring such an action and that an action by a stockholder would not hamper unreasonably the liquidation of the corporation. Otherwise there must be intolerable confusion and, by choice of a stockholder, the statutory liquidation must be deprived of part of the authority conferred upon him by the legislature. It cannot be supposed that the legislature intended that a stockholder and the superintendent of banks should have authority, to maintain at the same time, separate actions upon a single cause of action `vested' in the stockholder. Either superintendent or stockholder must have a paramount right, and the implication in the statute is clear that it is the superintendent who has such right. So the courts have constructed similar provisions in the statutes of other jurisdictions. Analogy is not complete, but the uniformity of the decisions in other jurisdictions points to the same construction of our statute. Ryan v. Ray, 105 Ind. 101;4 N.E. Rep. 214; Abbott v. Morris, 101 W. Va. 127; 132 S.E. Rep. 372;Northwestern Fuel Co. v. Live Stock State Bank of South St.Paul, 182 Minn. 276; 234 N.W. Rep. 304; Hunter v. Moss,41 Ga. App. 13; 151 S.E. Rep. 831; Hulse v. Argetsinger (D.C.),12 Fed. Rep. 2d 933; Id. (C.C.A.) 18 Fed. Rep. 2d944 * * *.
"* * * We say that the grant of power to the superintendent of banks to maintain an action vested in the corporation or a stockholder or creditor by necessary implication preclude the stockholder or creditor from instituting such an action until he shows that he is injured or aggrieved by failure, refusal, or inability of the superintendent of banks to remedy the alleged wrong. He must first exhaust the means within his reach to induce adequate remedial action on the part of the superintendent * * *."
As above observed, the office of a receiver is to preserve a status or a res; in the instant case, the res is the property taken over by the commissioner. There is no charge that the safety of the res in his possession is threatened; nor is there *Page 533 
any apprehension of injury alleged. Then why "swap horses in midstream?" What result will the appointment of a receiver under the application of the complainants give which the banking commissioner, acting under the provisions of the statute in taking possession of the defendant's assets, cannot achieve? The legislature gave the commissioner the right and the power to act in the premises. He is now exercising the rights bestowed. It is not my purpose to question the wisdom of the legislature's selection. Katz v. Eldredge, 96 N.J. Law 382, 385 (reversed on other grounds, 97 N.J. Law 123); 118 Atl. Rep. 242;Bigelow v. Old Dominion Mining Co., 74 N.J. Eq. 457;71 Atl. Rep. 153.
In an unreported memorandum filed by me in the case ofVyborny v. North Jersey Title Insurance Co. et al., I stated:
"The statute alluded to — chapter 3 of the laws of 1934, has by this court been held constitutional. That being the case, all orders of this court arising out of jurisdiction conferred on it by, or under, that statute, or any other statute, or through any other source, commands respect, observance and obedience. The trustees of the defendant company, long prior to the filing of the bill of complaint herein, were appointed by this court under the provisions of chapter 3 of the laws of 1934. They, as the representatives of this court, have control and jurisdiction of the affairs of the defendant company, and are fully empowered to manage, investigate, and administer whatever is cognate to the business of the defendant company. Assuming that the facts alleged in the bill filed herein are true, the trustees appointed by me and in charge of the defendant's business, are authorized to consider the allegations of the bill, and they are empowered to take appropriate action."
The principle thus enunciated applies to the case under consideration. The application for the appointment of a receiver is denied. *Page 534