CASTLEBERRY *et al. v.* WELLS *et al.*

No. 11376.   November 12, 1936.

*Wilcox, Connell & Wilcox* and *Copeland & Dukes,* for plaintiffs in error.

*S. B. McCall, Lee W. Branch, E. M. Rogers,* and *H. W. Nelson,* contra.

BELL, Justice. ■ It is contended that the right of action, if any, is in the superintendent of banks. There is no merit in this contention. The plaintiffs are not complaining of an injury to the bank, or of any loss resulting to themselves as stockholders. While there is coincidence of stockholders' relationship, the injury for which they are seeking a recovery is the personal loss sustained by each in contributing sums of money to maintain the bank as a going concern, which sums they were not required to pay as stockholders, but which they were induced to contribute by the fraudulent representations made by one of the defendants in behalf of himself and of the other defendants, with their approval, all acting as individuals. In *Hines* v. *Wilson,* 164 *Ga.* 888 (139 S. E. 802), it was held that the power conferred upon the superintendent of banks by the banking act as amended "does not include authority to sue for torts committed upon depositors by individuals who happen to be officers of the bank;" also, that "the directors of a corporation may be liable for false statements in regard to the affairs of the corporation, as for fraud and deceit." The prin-

ciples thus quoted apply as well to the present plaintiffs as they did to the depositors in that case, the action in each instance being based upon an injury to individuals. In *Hinton* v. *Mobley,* 167 *Ga.* 60 (144 S. E. 738), the action was different in two particulars: (1) It complained only of breach of official duty by the directors, and (2) it was based merely upon losses sustained by the plaintiffs as stockholders. In that decision the case of *Hines* v. *Wilson,* supra, was explained, consistently with what is now ruled. In the present case the plaintiffs are complaining of a fraud alleged to have been committed by the defendants as individuals, with resulting damages to the plaintiffs as individuals. The relationship of each class to the bank as a corporate entity is mere matter of inducement, and is not the foundation of the action. The present case is also distinguished from *Jackson* v. *Stallings,* 169 *Ga.* 176 (149 S. E. 902), which in turn distinguished *Hines* v. *Wilson,* supra, and in which the following pertinent observation was made: "There are instances in which a person who has been injured by unlawful acts of one who may at the same time happen to be the director of a bank is privileged to pursue his legal remedy against the person who has deceived and thereby defrauded him; but such action is entirely distinct from an attempt to avail oneself of the rights conferred by the banking act, supra, upon the superintendent of banks." Nor does the present case fall within the ruling in *Hill* v. *Hicks,* 171 *Ga.* 192 (154 S. E. 882).

■ The allegations were sufficient, as against a general demurrer, to show actual fraud on the part of the defendants as individuals, with resulting loss to the plaintiffs, apart from their statutory liability as stockholders. Compare *American National Bank* v. *Armstrong,* 145 *Ga.* 618 (89 S. E. 691). The representations as stated in the petition can not be classed as "puffing" or trade talk, or as mere opinions for which the defendants could not be held liable as for fraud. *Huson Ice & Coal Co.* v. *Thornton,* 143 *Ga.* 297, 299 (84 S. E. 969); *Howard* v. *Allgood,* 143 *Ga.* 550 (85 S. E. 757); *Smith* v. *Frazer,* 144 *Ga.* 85, 88 (86 S. E. 225); 26 C. J. 1079-1085. The petition did not aver in express terms that the plaintiffs relied upon the representations, but it did allege in effect that the plaintiffs contributed the sums of money specified "as a result" of them, that they were "induced" thereby to make the contributions, and that "said sums were con-

tributed by your petitioners through fraudulent representations as aforesaid." An averment of such reliance need not be made in express terms, where it is clearly implied from the other allegations. *Cheney* v. *Powell,* 88 *Ga.* 629 (15 S. E. 750); 27 C. J. 36, § 156. The defendants contend that the petition discloses a mere promise of something to occur in the future, which can not be made the basis of an action for fraud. The petition does show an element of futurity, but this is not fatal "when in connection with a promise a false representation has been made." Pretense and promise may be so blended as to make a case of fraud. *Holton* v. *State,* 109 *Ga.* 127 (34 S. E. 358); *Thomas* v. *State,* 90 *Ga.* 437 (5) (16 S. E. 94); *James* v. *Crosthwait,* 97 *Ga.* 673, 680 (25 S. E. 754, 36 L. R. A. 631); *Smith* v. *State,* 116 *Ga.* 587 (42 S. E. 766).

■ The petition stated a cause of action for enforcement of an implied trust, and for accounting and receivership, as to property in the hands or control of the defendants. The plaintiffs do not seek to withdraw any property or assets from the custody of the superintendent of banks, or to infringe upon any right of the superintendent in the slightest degree. The petition alleged that the defendants, instead of using the money for the benefit of the bank, applied it as a separate and distinct fund for the payment of notes and other obligations upon which they were liable as individuals, taking assignments thereof to themselves, along with the security. It is further alleged that the defendants are still in possession of some of the notes and collateral, and that they undertook to administer the fund as a trust fund. If the contributions were obtained by fraud as alleged in the petition, the defendants would then hold the fund or its proceeds in trust for the plaintiffs, and equity will impress a trust in their favor upon any assets into which the fund may be traced, as against all persons affected with notice. Code, §§ 108-106 (2), 108-425; *Beasley* v. *Smith,* 144 *Ga.* 377 (3), 380 (87 S. E. 293); *Jenkins* v. *Lane,* 154 *Ga.* 454 (4) (115 S. E. 126); *Town of Douglasville* v. *Mobley,* 169 *Ga.* 53 (4) (149 S. E. 575); *Salzburger Bank* v. *Standard Oil Co.,* 173 *Ga.* 722 (161 S. E. 584, 84 A. L. R. 403). The case as presented does not concern third persons, and therefore does not involve any question of notice. "In an equitable proceeding to obtain an accounting, the plaintiff is not obliged to

set out an itemized statement showing the amounts claimed, or to aver how much is due by the defendant upon an accounting; but all the petitioner in such a proceeding has to aver are facts sufficient to indicate that something will be found to be due to plaintiff by defendant." *Calbeck* v. *Herrington,* 169 *Ga.* 869, 873 (152 S. E. 53).

■ The petition did not contain a misjoinder of parties plaintiff, or of causes of action; nor was it multifarious. If the plaintiffs had proceeded only for damages for the alleged fraud, it might have been subject to demurrer for misjoinder. *Elberton & Eastern Railroad Co.* v. *Green,* 167 *Ga.* 891 (2) (147 S. E. 65), s. c. 40 *Ga. App.* 786 (151 S. E. 528). But, according to the allegations, each of the plaintiffs had an interest in tracing the fund into assets in the hands of the defendants and in the impressment of a trust thereon to the extent of the sum contributed by him. In these circumstances there was no misjoinder as contended, and the petition was not multifarious. *Blaisdell* v. *Bohr,* 68 *Ga.* 56; *While* v. *North Georgia Electric Co.,* 128 *Ga.* 539, 541 (58 S. E. 33); *Hermann* v. *Mobley,* 172 *Ga.* 380 (5) (158 S. E. 38). The court did not err in overruling the demurrer on all grounds. *Judgment affirmed. All the Justices concur.*