27968, 27990. BISHOP *v.* GREENE; and *vice versa.*

DECIDED MARCH 14, 1940.

*Hugh L. Luttrell, Henderson & Spence,* for plaintiff.
*H. G. Vandiviere, E. M. McCanless,* for defendant.

GUERRY, J. This question is presented by the record in the case: The plaintiff brought his action against the defendant. The defendant filed a general demurrer, and after a hearing thereon the same was overruled. The case proceeded to trial, and after the plaintiff had concluded his evidence the court granted a nonsuit. Within six months thereafter the plaintiff recommenced his action in almost the identical language of the former petition, and the defendant filed practically the same demurrer. The court this time sustained the general demurrer, and the case is brought to this court on exceptions to that order. The plaintiff in error contends that the ruling on the demurrer to the petition as originally brought amounts to res judicata as to the sufficiency of the petition, and that the court was without authority to change the ruling. If it is the same action, we will agree that, having once ruled on a demurrer, until an appellate court has reversed such ruling the court is without authority at a subsequent term to review or revise such ruling. *Sims* v. *Georgia Railway & Electric Co., 123 Ga.* 643 (51 S. E. 573). However, we think that when a case has been dismissed or nonsuited, the subsequent filing of the same action is in effect a de novo proceeding. As is said in the Code, § 3-508, "A nonsuit, dismission, or discontinuance is negative, and the plaintiff may recommence his suit on the payment of costs." "If a plaintiff shall be nonsuited . . and shall recommence within six months, such renewed case shall stand upon the same footing, *as to limitation* [italics ours], with the original case." § 3-808. "A judgment of nonsuit shall not bar a subsequent action for the same cause

brought in due time." § 110-310. The same cause may be *renewed, recommenced,* or brought over, but it is in effect de novo, except that the statute of limitation does not run, provided it is renewed or recommenced within six months from the time of nonsuit or dismissal.

The rule that the sustaining of a general demurrer to a petition is a bar to a subsequent suit for the same cause is not applicable to a nonsuit. The party at interest has had an adjudication that his petition failed to set out a cause of action. This ruling unexcepted to becomes final. The Code expressly provides that in case of nonsuit the action may be recommenced within six months, and at that time the plaintiff may have additional evidence to present. Where there is a nonsuit, the case has been determined in the defendant's favor. Suppose he had filed exceptions pendente lite to the order overruling his demurrer; when the case was determined in his favor there was no reason for any further action thereon. He will not be presumed to expect that the plaintiff will renew his suit; and if there is a renewal, the exceptions pendente lite were filed in another action. Therefore, we may say that the action as recommenced or renewed may be the same cause of action, but not the same action so as to require that the adjudication in the first suit is binding in the second or renewed suit. To hold otherwise would encourage litigation.

The petition alleged that the defendant came to the plaintiff in 1930, and told him he was selling stock in the American Marble Company, which he stated was a corporation of Pickens County, Georgia, and that he desired to sell the plaintiff 250 shares of stock in said company at $5 per share. The defendant stated to the plaintiff, that the American Marble Company was a new corporation, worth millions of dollars; that both John D. Rockefeller and Henry Ford were stockholders therein; that it owned its marble quarries in Pickens County, Georgia; and that it was all clear of debts and incumbrances, and was paying more on the investment than was being earned by any farm, sawmill, or bank. The defendant also told plaintiff, if he would buy the stock and became dissatisfied therewith after twelve months from date of purchase, that defendant would take it back from the plaintiff for the price he had given. The plaintiff alleged, that, relying on the truth of the statements made by the defendant "concerning said company,

and his promise to take the stock off the plaintiff's hands after twelve months from the date of purchase should plaintiff become dissatisfied with said stock, . . and believing all the statements made by him [plaintiff], then and there purchased from him 250 shares of stock at five dollars per share," and had the certificate issued to him. It was alleged, that the statements made with reference to the company were not true; that the corporation was not chartered in Pickens County, but in Fulton; that neither Rockefeller nor Ford was a stockholder in said company, and that said corporation does not own and has never owned any land in Pickens County, Georgia, and does not own and has never owned any marble quarry clear of liens, and has never earned, declared, or paid, any dividend or profit, and that each of the statements made by Greene with reference to said company were false, made to deceive, and did deceive and damage the plaintiff, who parted with his money relying on the truthfulness of the representations made; that the defendant deceived the plaintiff both as to the truth of his statements and as to his agreement; that the defendant had no intention of carrying out his agreement to repurchase said stock; that at the time of purchase the stock was, and is now, worthless; that the American Marble Company was and is insolvent; and that the defendant had a financial interest in the stock at the time of its sale to him. Further it was alleged that after twelve months the plaintiff became dissatisfied with the stock, took the certificate to the defendant, and demanded that he comply with his agreement to repurchase, but that defendant refused so to do. He now offers to rescind, and says that by the failure and refusal of the defendant to carry out his agreement to repurchase, the defendant has breached his contract and is liable to the plaintiff in the sum of $1250 with interest. He prayed that the defendant be required to receive and accept said stock and pay him therefor $1250; and if for any reason specific performance could not be decreed, he prayed for judgment against the defendant for $1750 as damages for breach of contract. By amendment he struck these prayers, and alleged that "plaintiff waives the contract, and prays for damages, and lays his damage at $1250." The court sustained the general demurrer, and the plaintiff excepted.

The statements alleged to have been made by the defendant to the plaintiff, on which he acted, were not opinions or mere puffing.

It is alleged that the defendant stated that this was a corporation which owned valuable marble quarries in Pickens County, Georgia, that there was no incumbrance of any kind thereon, that the corporation owed no debts and was earning dividends, and had as stockholders two of the richest men in America. If the petition had made only these allegations, and had stated that they were false and had been made for the purpose of deceiving, and resulted in damage to the plaintiff, a cause of action would have been stated. *Lyle* v. *Prade,* 20 *Ga. App.* 374 (93 S. E. 20) ; Code, § 105-301; *Smith* v. *Mitchell,* 6 *Ga.* 456, 474. The petition alleges, however, that as a result of these false statements, and of the promise of the defendant to repurchase the stock in the event the plaintiff became dissatisfied, he made the investment and suffered the loss. While the action as brought may have sounded in contract, by amendment the contract feature was abandoned, and the plaintiff relied solely on the alleged tort. Although the agreement made by the defendant as to the repurchase of the stock was a nudum pactum, and as such would not support a cause of action, it is not alleged that the plaintiff relied on this promise alone, but he alleged that the false statements in respect to the solvency of the corporation issuing the stock were also prime and moving considerations for the investment. As was said in *James* v. *Crosthwait,* 97 *Ga.* 673, 680 (25 S. E. 754, 36 L. R. A. 631) : "It was not necessary, in order for the plaintiff to recover, that the deceit in question should have been the *sole* [italics ours] inducement which led him to make the investment. It was sufficient if it influenced his conduct materially. . . Nor was it necessary that the defendant should be benefited by the deception." See Kerr on Fraud and Mistake, 74; 1 Jaggard on Torts, 589, 593.

The facts that the plaintiff may have also relied on the promise of the defendant as to the repurchase in the future, and that this promise was a nudum pactum, will not alter the case. In *Castleberry* v. *Wells,* 183 *Ga.* 328, 335 (188 S. E. 349), this language was used : "The defendants contend that the petition discloses a mere promise of something to occur in the future, which can not be made the basis of an action for fraud. The petition does show an element of futurity, but this is not fatal 'when in connection with a promise a false representation has been made.' Pretense and promise may be so blended as to make a case of fraud." In

*Elliott* v. *Marshall,* 179 *Ga.* 639, 640 (176 S. E. 770), it was said: "It was not essential to a cause of action that the defendant's statement as to the necessity of the lease should have been the sole inducement which moved the plaintiff to execute it." See *Haynes* v. *Cannon,* 42 *Ga. App.* 823 (3) (157 S. E. 377). The alleged false representations made by the defendant to the plaintiff in this case were in reference to facts then in existence, such as the stockholders in the company, its financial worth, its freedom from debt, and its ownership of land and marble quarries. These representations in connection with the promises of the defendant are alleged to have caused the investment which resulted in loss and damage to the plaintiff. The court erred in sustaining the general demurrer. The petition having been so amended as to strike all allegations with respect to a reliance on any contract, the special demurrers as to such allegations have become moot and the cross-bill of exceptions is dismissed.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., and MacIntyre, J., concur.*