## 32918. Smith *v.* Maron.

Townsend, J. 1. Where an assignment of error is based upon a judgment of the trial court disallowing an amendment to an answer, and where the bill of exceptions does not reveal the ground of objection raised, the presumption is that the amendment was rejected for proper cause. The burden is upon the party excepting to the ruling to show otherwise, and the judgment of the trial court will not be reversed by this court if it appears that the amendment was improper for any reason. *White* v. *Little,* 139 *Ga.* 522 (2-b) (77 S. E. 646); *Richardson* v. *Hairried,* 202 *Ga.* 610 (1) (44 S. E. 2d, 237).

2. Where a special demurrer to the only paragraph of an answer attempting to set out an affirmative defense to a suit on a promissory note is sustained, and no exceptions to this ruling are preserved nor error assigned thereon in the bill of exceptions, the ruling that the petition is subject to such special demurrer becomes the law of the case. Consequently, so much of a subsequent amendment offered by the defendant as contains a mere reiteration of facts previously stricken on demurrer should be disallowed for this reason. See *Baker* v. *Atlanta,* 22 *Ga. App.* 483 (96 S. E. 332).

3. "An amendment offered by a defendant, after the time for filing an answer has expired, setting up a new defense of which no notice was given in the original answer, and not accompanied by his affidavit that the new defense was not omitted from the original answer for the purpose of delay, and is not then offered for that purpose, constitutes a valid reason for rejecting the proffered amendment." *Richardson* v. *Hairried,* supra. See also Code § 81-1310; *Bass Dry Goods Co.* v. *Granite Mfg. Co.,* 119 *Ga.* 124 (4) (45 S. E. 980); *Cunningham* v. *Huson Ice & Coal Co.,* 26 *Ga. App.* 302 (2) (105 S. E. 860).

4. For the reasons hereinbefore outlined, both the judgment of the trial court disallowing the amendment and the final judgment are without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*

Decided March 16, 1950.

*S. Thomas Memory,* for plaintiff in error.
*Memory & Memory,* contra.