46915.   RAUCH et al. v. SHANAHAN.

ARGUED JANUARY 31, 1972—DECIDED FEBRUARY 21, 1972—
REHEARING DENIED MARCH 23, 1972.

G. *Robert Howard*, for appellants.
*Withers & McDaniel, Nicholas C. McDaniel*, for appellee.

EBERHARDT, Judge. 1. The evidence in the record supports the allegations of the petition, and authorizes a conclusion by the jury that the Rauchs were in complete charge and control of the two corporations, the organization of which was never completed, that they had used or expended substantially all funds which the corporations had received for stock subscriptions, leaving it without other assets, and that *no certificate of stock in either corporation, or other*

*thing of value, has ever been delivered to Mr. Shanahan,*[1] and that his investment in them by way of the stock subscription had been procured by false and fraudulent representations which the Rauchs knew, or should have known at the time, were such.

We do not find any basis for holding Mr. Shanahan to have been lacking in diligence himself, for it does not appear that any investigation which he might have made at the time of subscribing to this stock would have revealed that no stock certificates would ever be delivered to him, or that the Rauchs would proceed so to expend the funds received that the corporations would be left virtually without assets, or that they had no intention of building and operating the nursing homes.

We affirm on the basis of holdings found in *Huson Ice &c. Co. v. Thornton,* 143 Ga. 297 (84 SE 969); *Downey v. Byrd,* 171 Ga. 532 (156 SE 259, 72 ALR 345); *Equitable Bldg. &c. Assn. v. Brady,* 171 Ga. 576 (156 SE 222); *Camp v. Carithers,* 6 Ga. App. 608 (65 SE 583); *Southern Tobacco Co. v. Armstrong,* 11 Ga. App 501 (75 SE 828); *Cunningham v. Huson Ice &c. Co.,* 26 Ga. App. 302 (105 SE 860); *Macon Union Co-operative Assn. v. Chance,* 31 Ga. App. 636 (3) (122 SE 66); *Daniel v. Dalton News Co.,* 48 Ga. App. 772, 774 (173 SE 727).

2. Error is enumerated on a portion of the charge dealing with the measure of damages in the event a verdict should be returned for the plaintiff. The court charged: "[T]here are two measures of damages in fraud cases. In one case is the case where the person receives something of value but it is not of the value that it was represented to be, and in this case the party may elect to keep the thing of value and sue for the difference. Now this is not the case, because *the plaintiff in this case never received anything; therefore if you should find in this case for the plaintiff, you will have to find* that he has already made an election and that his elec-

---

[1]The contract did not contemplate or provide for delayed delivery.

tion has been to recover the purchase price of the stock. So, if you find for the plaintiff, you would have to find *in the sum of four thousand dollars."*

Defendants excepted to the portion of the charge which is italicized on the ground that "this is an action for fraud and deceit and not an action to rescind the contract" and "I say they received the right to receive something."

In the enumerations of error the ground or grounds of error are not stated, but in their brief appellants contend that this charge was error because the effect of it was to direct a verdict for the plaintiff for four thousand dollars, and that it was a violation of the "dumb Act" as found in *Code* § 81-1104 by expressing an opinion as to what the evidence disclosed.

As we view it, enumerations 2, 3 and 4 are without merit. It is uncontradicted that no stock certificates were ever delivered to the plaintiff. "When a fact is proved by undisputed evidence, it is never error for a trial judge to assume or intimate that the fact is proved. *Fitzgerald Cotton Oil Co. v. Farmers Supply Co.,* 3 Ga. App. 212, 216-217 (3) (59 SE 713); and see *Code* § 81-1104 and numerous annotations, catchwords 'Undisputed facts.'" *Goldstein v. Karr,* 110 Ga. App. 806, 809 (140 SE2d 40). Accord: *Daniel v. Charping,* 151 Ga. 34 (3) (105 SE 465). "It is not harmful error for the trial judge to express an opinion in accordance with what is demanded by the evidence and about which there is no controversy." *Roberts v. McClellan,* 80 Ga. App. 199 (4) (55 SE2d 736).

The evidence established the right of the plaintiff to recover, and we agree that, since the stock for which plaintiff paid was never delivered, the measure of the recovery was the purchase price.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*