FEBRUARY TERM, 1907. 595

*2 Buch.* Pierce *v.* Old Dominion Copper Mining and Smelting Co.

JOHN H. PIERCE

*v.*

THE OLD DOMINION COPPER MINING AND SMELTING COMPANY
et als.

[Decided March 9th, 1907.]

A minority stockholder filed a bill against his corporation, its entire board of directors and other parties, the object of which was to protect the corporation by enjoining certain contracts or transactions into which the board of directors proposed to have the corporation enter. A preliminary injunction was refused upon grounds which largely involved the whole merits of the case.—*Held* (1), that complainant was not entitled on the final hearing to bring in separate grievances of the corporation against some of the defendants only who were directors of the corporation and obtain injunctive relief with reference to such grievances with which the other defendants were not concerned, and which were not within the scope of the broad relief prayed for against all the defendants; and (2) that the complainant was not entitled, after the most of the testimony in the cause had been taken, to set up by amendment to his bill a grievance against a part only of the defendants which arose before the filing of the bill, or to set up by an addition to the bill under Rule 210a such a grievance which arose after the filing of the bill; and that (3) the decree dismissing the bill would be made without prejudice to the filing hereafter of any bill on behalf of the complainant in respect of the grievances so excluded from consideration in this case.

On bill, answer and proofs.

*Mr. Edward M. Colie,* for the complainant.

*Mr. Brandeis* (of the Massachusetts bar) and *Mr. Charles L. Corbin,* for the defendants.

STEVENSON, V. C.

My conclusion is that the bill should be dismissed. The opinion denying the motion for a preliminary injunction deals with substantially the same case as that which was argued upon

the final hearing. *67 N. J. Eq. (1 Robb.) 399.* Any further elaborate discussion of this case seems to be unnecessary. The reasons for the final decree which I shall advise are, I think, sufficiently indicated in my former opinion for the purpose of any appeal which may be taken.

Counsel for the complainant urges the same arguments, and asks for the same drastic remedies which he presented and prayed for upon the hearing of the order to show cause. He insists that the large financial and mining operations in which the defendant the Old Dominion Copper Mining and Smelting Company is engaged or interested shall be paralyzed by an injunction restraining the officers and directors of that corporation from discharging their functions, and by the appointment of a receiver. Counsel has abandoned only the alternative prayer that, in case the court should refuse to appoint a receiver under its general equity power, then the corporation should be decreed to be insolvent and a statutory insolvency receiver be appointed.

Upon the final argument, which was exceedingly protracted, and in the elaborate brief on behalf of the complainant, it was insisted that in this case the court should at least enjoin certain particular operations of some of the defendants which may be generally described as instances of willful violation of duty and mismanagement on the part of the directors of the Old Dominion Copper Mining and Smelting Company, in which some of the other defendants are alleged to have participated. In my review of the testimony and the briefs I have endeavored to examine with care these particular charges. My conclusion is that they are not sustained, or if in any degree supported by the proofs as they now stand, and the legal presumptions established by those proofs, they ought not to be disposed of in this suit. An examination of the bill, including the specific prayers for relief, in my opinion shows conclusively that the complainant should not be allowed at the final hearing to bring in these separate grievances against some of the defendants only, and obtain injunctive relief, which, of course, would be confined to these particular grievances and affect only such of the defendants as have been connected therewith. Caution should be used I think in permitting an omnibus bill like this to be employed for remedying particular

grievances against different groups of defendants when the broad relief prayed for against all the defendants is denied.

If, for instance, the directors of the Old Dominion Copper Mining and Smelting Company are actually diverting or misapplying in any way that portion of the property of the corporation which has been described as the "segregated assets"—if what they are doing is not merely a matter of bookkeeping beneficial to fourteen-fifteenths of their stockholders and not in the slightest degree injurious to the remaining stockholders—the complainant as the representative of the injured minority stockholders may file a distinct bill charging the directors with this misconduct. This matter as set forth or referred to in the bill of complaint is so directly connected with the broad objects of that bill, as presented in the stating part of the bill and the prayers for relief, that it is quite evident that those of the defendants who are in the slightest degree connected with this alleged grievance were not bound to dissect out this portion of the bill in which they alone were concerned, separate themselves from their co-defendants and defend themselves against this small dissected portion of the bill as an independent bill against themselves alone. They were not bound to cross-examine witnesses and introduce evidence in anticipation of the charge which the complainant makes definite or seeks to make definite only at the final hearing after the greater part of the testimony has been taken. The bill undertakes to attack the whole scheme which the majority stockholders of the Old Dominion Copper Mining and Smelting Company and all the stockholders of the United Globe Mines have devised for the distribution of whatever moneys the Old Dominion Company of Maine may receive in the shape of dividends from the proceeds of these "segregated assets" when disposed of by the Old Dominion Copper Mining and Smelting Company. There is no specific allegation in the bill that the directors of the last-mentioned company are wrongfully misapplying these so-called segregated assets. Such a charge presents a separate issue quite distinct from the issues presented by the bill, and one in which many of the defendants have no concern whatever. The proposed amendment submitted by counsel a year after the motion for the preliminary injunction had been decided, and when most of the

testimony in the cause had been taken, in fact amounts to a separate bill of complaint against the Old Dominion Copper Mining and Smelting Company and its directors to enjoin a diversion or misappropriation of corporate assets. The impropriety of permitting such an amendment at such a time I think is apparent. It seems to me equally apparent that the proposed addition to the bill under rule 210a, setting up a grievance of the complainant against another set of these defendants, which arose after the filing of the bill, is equally improper.

In dealing with these applications to permit the complainant, who is denied the wide relief against all the defendants for which he filed his bill, to convert the bill on final hearing by amendments and additions into an instrument for obtaining particular relief against certain of the defendants only, it should be borne in mind that there is no allegation and no proof that the defendants who are alleged to be doing wrong are not amply responsible for all damages which the complainant may suffer. If the complainant should be allowed to make the amendment and the addition to his bill which he submitted at the final hearing, the defendants, of course, specially charged with wrong-doing in the amendment and addition, should have an opportunity to file answers. If such a course of procedure would be proper or necessary in any case, I do not think that such a case is now before this court.

The question also arises whether the proposed amendment and the proposed addition are not distinct equitable actions which could not properly be combined in one bill. It would seem that the United Globe Mines is a necessary party defendant in the one case, but hardly seems to be a proper party defendant in the other. Certainly it would not be permissible for the complainant to convert his bill with or without the aid of amendments and additions into a jumble of alleged equitable grievances against different sets of the original defendants. The bill of complaint in a case like this must to a large extent be construed as setting in court only the equitable cause of action against all of the defendants which it purports to exhibit. If, in addition to this, the pleader desires to bring into the cause a special grievance against a particular defendant with which the other defendants are not

concerned, based upon some part of a transaction described in the bill, I think, as a general rule, he should be obliged to make this particular cause of action distinct and indicate by his prayer for relief that, in addition to the broad relief against all of the defendants, he seeks the narrow and special relief against one defendant. Of course, such a bill would have to pass the test of multifariousness.

The bill will be dismissed without prejudice to the filing hereafter of any bill on behalf of the complainant to restrain the Old Dominion Copper Mining and Smelting Company and its directors from diverting or misapplying the so-called segregated assets, or any other assets of the corporation to the injury of the complainant, and from carrying out contracts which the complainant has a right to have declared void. Possibly the complainant may wish to prevent the decree from appearing tó affect some other alleged causes of action against some of the other defendants which he has not succeeded in having recognized in this suit, but which are based upon some part or parts of the complex transactions set forth in the bill. Upon settlement of the decree these matters may be adjusted.