HENRY W. BULL et al.

*v.*

INTERNATIONAL POWER COMPANY.

[Decided December 10th, 1914.]

1. A summary hearing on bill and affidavits, and answer, if filed, is a final hearing on the question of the insolvency of a corporation under section 65 of the act concerning corporations (Revision of 1896), amended *P. L.·1912 p. 535.*

2. When a suitor is entitled to relief in respect to the matters concerning which he sues, his motives are immaterial.

3. In a suit for the winding up of an insolvent corporation the complainants need not be creditors, provided they are stockholders.

4. A corporation having "book assets" of millions, comprised of the capital stocks of other corporations, none of which have paid a dividend for years, and having debts totaling in round numbers a quarter of a million dollars, without any money to pay them, is insolvent.

On final hearing on motion for injunction and appointment of receiver.

*Messrs. Vroom, Dickinson & Bodine,* for the complainants.

*Messrs. Bleakly & Stockwell,* for the defendant.

WALKER, CHANCELLOR.

The complainants, the owners of four hundred shares of the common stock of the par value of $40,000 and one hundred shares of the preferred stock of the defendant company of the par value of $10,000, out of a total issue outstanding of $6,400,-000 par value of common, and $6,000,000 par value of the preferred, stock of the company; filed their bill setting forth that the business of the company had been conducted at a great loss and in a manner greatly prejudicial to the interests of its creditors and stockholders, and praying that it might be dissolved

and its affairs wound up and the stockholders and creditors paid what is justly due to them, and that it might be enjoined from exercising any of its franchises and receiving any debts due to it and from paying and transferring any of its moneys and effects and from continuing its business, and that a receiver might be appointed to take and state an account of the assets and liabilities of the company, who should be directed and empowered to take into his possession all the property of the company, and that pending an accounting the company should be enjoined and restrained from the exercise of any of its franchises, &c., and that its officers should be enjoined and restrained from performing any acts as such and from making payment of any and all salaries, &c.

Subsequent to the filing of the bill a stockholders' committee was formed for the purpose of inviting other stockholders to become parties complainant, and those holding one thousand six hundred and sixty shares of the common, and two hundred and fifty shares of the preferred, stock of the company, deposited their certificates with the committee, to whom they conveyed the title to their stock, which committee has been by order of the court admitted as party complainant in the suit.

The company by its charter was authorized to manufacture, buy, sell and deal in locomotives, engines, cars and certain other mechanisms, and to purchase, mortgage and deal in stocks and bonds of other corporations, &c. It operates only as a holding company.

Notwithstanding a peremptory *mandamus* issued out of the supreme court of this state against the defendant company at the November term, 1913, for an inspection of its books, and notwithstanding that subsequently the supreme court made an order, directed to the company to bring its books showing its general financial condition into this state and deposit them in the office of a supreme court commissioner, to permit the complainants to examine and inspect the books, the company refused to comply with either the writ or the order.

On the filing of the bill in this cause an order was made requiring the defendant to show cause why an injunction should not issue according to its prayer, and why a receiver should not

be appointed under the general jurisdiction of this court, and, also, according to the statute in such case made and provided, namely, the amendment of 1912 to section 65 of the Corporation act, together with an *ad interim* restraint, enjoining the defendant from selling or transferring any of the stocks, bonds or other securities, or other property owned or controlled by it, and from paying any salaries or other compensation to any officers or directors (except clerks and minor employes) and from contracting debts or entering into new obligations.

The bill did not allege the insolvency of the company, but gross mismanagement and fraud, for which, and for the disobedience of the writ and order of the supreme court, a receiver was asked under the general equity jurisdiction of this court, and also under the amendment of the statute.

On the return of the order to show cause the defendant company, through its counsel, stated that it would comply with the supreme court's *mandamus,* and agreed forthwith to bring to its registered office in this state the books set out in the writ, to be subjected to the inspection and examination directed, and to keep them there until the further order of this court. Upon this being made to appear this court made an order that pending compliance by the defendant with the direction of the writ of *mandamus* and until the further order of this court, the order to show cause, and the restraint upon the defendant company contained in it, should be continued in full force and effect from week to week, with leave to the parties, or either of them, to apply to the chancellor for an amendment or modification of that order, or of the order to show cause, or that the latter be made absolute or discharged, or for further and other direction or relief. This order was complied with, and, after an examination of the books, the complainants, by leave of the court, filed an addition to their bill by way of supplement, setting forth conditions discovered by them in the examination of those books, which enabled them to aver that the defendant was insolvent and unable to realize upon its assets even at a great sacrifice or by securing loans to pay its current obligations matured or which will mature in the near future, and that it was impossible for it to raise funds to enable it to prosecute its business with safety

to the public and advantage to its stockholders; that it had suspended its ordinary business for want of funds to carry on the same, &c., adding prayers for injunction and the appointment of a receiver.

The defendant answered the original bill before the supplement was filed, and on the return of the order to show cause why a receiver should not be appointed on the supplemental bill, filed its answer thereto and several affidavits.

As already stated, the complainants' bill (including supplement) has a dual aspect, one for the appointment of a statutory receiver as for an insolvent, or losing, corporation, under section 65 of the Corporation act, amended by *P. L. 1912 p. 535*, and the other for a receiver under the general powers of the court because of gross mismanagement and fraud practiced by the officers and directors of the defendant company. In the view I take of this case it will not be necessary to decide whether the bill is multifarious, and whether, therefore, both phases of the question at issue can be considered. If the allegations involved third parties under the general jurisdiction feature of the bill, then surely it would be multifarious. *Pierce* v. *Old Dominion, &c., Smelting Co., 67 N. J. Eq. 399*.

In that case Vice-Chancellor Stevenson disregarded the bill so far as it undertook to present the statutory action against the defendant and decided it on the motion for a preliminary injunction in aid of the situation under the general equity jurisdiction of the court. The case at bar, as to this dual aspect, is the reverse of that in *Pierce* v. *Old Dominion, &c., Smelting Co.*, and this case will be considered with reference to the application of the statute to it, and the appeal to the general equity jurisdiction will be disregarded. See, particularly, the remarks of Vice-Chancellor Stevenson (at *p. 416*) referring to the *dictum* of Mr. Justice Van Syckel in *Franklin Electric Light Co.* v. *Fort Wayne Electric Corporation, 58 N. J. Eq. 543*, in the court of errors and appeals, wherein the vice-chancellor points out the difference between an order appointing a receiver and a decree for an injunction. They need not be combined in one and the same decree, although they usually are.

Unless finality is to be attributed to the decree for injunction

the salutary provision for a summary hearing provided in the statute would be entirely frustrated. It has been the settled practice of the court to adjudge insolvency, issue an injunction and appoint a receiver on these summary hearings, both before and since the decision of the court of errors and appeals in *Frankin Electric Light Co.* v. *Fort Wayne Electric Corporation, supra.* In fact, the defendant concedes that this cause has been submitted on final hearing, and its counsel say in their brief that the charges under the corporation statute "call for a summary proceeding by the court and the entering of a final decree sustaining or dismissing the complainants' bill."

The defendant company attacks the motives of the complainants, alleging that they acquired their comparatively small holdings for ulterior purposes.

So far, at least, as the statutory feature of the case is concerned, the complainants' motives are entirely immaterial. The case of *McFadden* v. *May's Landing, &c., Railroad Co., 49 N. J. Eq. 176*, is in point. Said Vice-Chancellor Green (at *p. 183*) :

"But if the contention of the defendant in this regard is admitted to its full extent, it furnishes no ground for refusing the complainant the relief he is otherwise entitled to. It attacks simply the motive of the complainant in bringing his suit. If he is the owner of these bonds and entitled to the accrued interest, he has the right to demand that the remedies given by the law shall be enforced, no matter what motive may have prompted his purchase."

It is quite universally held that when a suitor is entitled to relief in respect to the matters concerning which he sues, his motives are immaterial. *Hodge* v. *United States Steel Corporation, 64 N. J. Eq. 111; Fort Wayne Electric Corporation* v. *Franklin Electric Light Co., 57 N. J. Eq. 16; affirmed, 58 N. J. Eq. 543; Catlin* v. *Vichachi Mining Co., 73 N. J. Eq. 286.*

The complainants' motives here are quite immaterial. They have an absolute statutory right to maintain their bill, and, if they make a case under the statute, they are entitled to the relief they seek, namely, an injunction and receiver.

Although elsewhere, formerly, creditors only could sue for the winding up of insolvent corporations, our state from the first

allowed the suit to be brought by either a stockholder or a creditor. *Hoopes* v. *Basic Company, 69 N. J. Eq. 679, 686.* Complainant need not be a creditor, but only a stockholder. *Atlantic Trust Co.* v. *Consolidated Electric Storage Co., 49 N. J. Eq. 402, 404.*

The complainants having standing to bring this suit (for, while they are not creditors they are stockholders), and their motives being immaterial, the only question remaining is as to the insolvency of the company, or, if it be not insolvent, then whether its business has been and is being conducted at great loss and greatly prejudicial to the interests of its creditors or stockholders.

The complainants in their bill as originally filed did not allege insolvency, but did, in their addition by way of supplement, attaching thereto schedules excerpted from the defendant's books.

In 1904, the income of the company was $225,942.91. This year the income has been only $407.19. The salaries of the officers of the company have remained the same, the president having $20,000 a year, $5,000 of which was for expenses. One officer receives $6,000, another $2,500, and still another $1,200 a year. Latterly, these salaries have not been paid, there being no money to pay them, but they have been charged against the company on its books. The corporation taxes due to the State of New Jersey amount to over $4,000, and the company is without funds to pay them.

While the defendant has "book assets" of millions, comprised of the capital stocks of other corporations, none of which have paid a dividend for years, it has debts totaling in round numbers a quarter of a million dollars, some of them quite old, with no money to pay them.

The president of the company, Joseph H. Hoadley, in his affidavit, among other things, says:

"The defendant's only indebtedness, except perhaps for small current accounts, is as follows:

| | | |
|---|---:|---:|
| Chemical National Bank, principal and interest.. | $73,000 | 00 |
| Dividends declared but unpaid.................... | 5,275 | 00 |
| Joseph H. Hoadley............................... | 55,465 | 27 |
| American and British Manufacturing Co......... | 116,332 | 61 |
| State of New Jersey............................ | 4,100 | 00 |
| Or, a total of.................................. | $254,172 | 88" |

While he says further on that he has not made any effort to press payment of the indebtedness ($55,465.27) due to himself, that statement does not wipe out the debt or in any way tend to do so. Still further on he says:

"While it is true that at the present time it [the company] has no large amount of actual cash in hand, at the same time the board of directors can receive an income and get cash into the treasury by providing for the payment of dividends by the American and British Manufacturing Co., which is amply able to declare such dividends from cash actually on hand, and it will also be in receipt in a short time of income from new leases of the Trinity Zinc, Lead and Smelting Company."

It is to be observed that the president says that the company has "no large amount of cash in hand"—thus giving the impression that it has a small amount of cash, not saying how small it is—and also says that the company "can" receive an income and get cash into its treasury by coercing another company which has cash, and whose stock it holds, to pay a dividend, and that the defendant will also in a short time be in receipt of an income from new leases to be made with a certain other company. These sources of revenue, it would appear, must be more imaginary than real—are certainly problematical.

Against the continuance of the present financial condition of defendant, with the improbability of relief from asserted sources of income, the complainants protest, and, I think, are entitled to be relieved.

Without further reviewing the condition of the defendant company, it is sufficient to say that the proofs clearly show not only that its business has been and is being conducted at a great loss and greatly prejudicial to the interests of its creditors and stockholders, but that it is insolvent within the meaning of our statute. See the tests laid down in *Trust Company* v. *Trustees of William F. Fisher & Co., 67 N. J. Eq. 602; Catlin* v. *Vichachi Mining Co., supra.*

The views above expressed lead to the conclusion that an injunction should issue in accordance with section 65, and that a receiver should be appointed with all the power and authority conferred by section 66 of our Corporation act.