WILLIAM L. GREENBAUM, complainant-respondent,

*v.*

LAFAYETTE AND BROAD REALTY CORPORATION et al., defendants-appellants.

[Argued November term, 1923. Decided May 19th, 1924.]

1. Depriving a statutory legal business entity of its corporate life is a judicial act which should not be lightly exercised unless the violation of the provisions of the statutes is manifest and reasonably apparent.

2. Where the conditions for judicial interference prescribed in the Corporation act do not appear in the situation presented by the proof, the defendant corporation will not be restrained in the operation of its business, nor will a receiver be appointed.

On appeal from an order of the court of chancery.

*Mr. Jacob L. Newman,* for the complainant-respondent

*Mr. Merritt Lane* and *Mr. David Bobker,* for the defendants-appellants.

The opinion of the court was delivered by

MINTURN, J.

A receiver was appointed, by the vice-chancellor, under the following circumstances, as related in the affidavits *pro*

and *con,* filed upon the application. The realty company was organized on May 12th, 1923, under our Corporation act, with an authorized capital stock of $15,000. Its incorporators were William L. Greenbaum, Solomon J. Wallach and Louis R. Radin, each of whom subscribed for stock in the sum of $5,000 except Greenbaum, whose subscription was taken over by Wallach to the extent of $2,500. The company was thus financed to the amount of $15,000. It thereafter purchased real estate comprising a garage and three stores on Lafayette street, in Newark, paying therefor $15,000 in cash and the balance by assuming two certain mortgages against the property. The garage was leased at a rental of $1,000 per year to another corporation composed of the same incorporators, Wallach, Radin and Greenbaum. The stores were leased for substantial amounts. About this period, Greenbaum became disaffected towards the realty company, apparently because of some difference in corporate management and administration, and filed this bill for the appointment of a receiver, alleging the insolvency of the realty corporation. The bill in effect charges a conspiracy between Wallach and Radin, his son-in-law, to oust Greenbaum from control, and to substitute a dummy director in his place. It also charges various shortcomings and derelictions against the other two directors. It appears that at this time the financial condition of the realty company was not that of insolvency. Its only outstanding liability, beyond its stock, was a promissory note for $1,000, due to the Broad and Market National Bank, Newark, and a promissory note for $2,700, payable to one Cronheim, for a balance on insurance premiums. Its assets consisted of its valuable real estate and a balance of $2,177.50 of rent due by the garage company. There were no pressing obligations requiring the immediate borrowing of money. Its notes were duly honored and outstanding, and were being gradually liquidated, and the corporation was not in need of money to carry on its business. The report submitted by the receiver's accountants, and in turn submitted by the latter to the vice-chancellor, shows the company to have been at the time this application

was made in a solvent condition, and free from any criticism of financial instability, which under our Corporation act could subject it to legal or equitable animadversion.

Depriving a statutory legal business entity of its corporate life, is a judicial act which should not be lightly exercised, since the intervention of the court carries with it very often in practical execution not only the destruction of the livelihood of those who subsist by its existence, but also the investments of those who have confidently contributed their means to its successful creation, and, finally, but not at all the least of its unfortunate results, such an interposition may be the means of removing from the field of honest successful endeavor, a business asset of substance and importance to the well-being of the state.

Our Corporation act, operating as a variation from the common law, is intended to encourage honest consolidation of effort, and not to retard it; and our cases illustrative of this principle have consistently manifested a repugnancy to judicial intervention in corporate business affairs, except where the violation of the provisions of the statute is manifest and reasonably apparent. *Atlantic Trust Co.* v. *Cons. Co., 49 N. J. Eq. 402; Benedict v. Columbus Co., 49 N. J. Eq. 23; Sternberg* v. *Wolff, 56 N. J. Eq. 389; Fort Wayne Co.* v. *Light Co., 57 N. J. Eq. 16.*

The Corporation act, laws 1896, page 277, as amended by the act of 1912 (*P. L. p. 535; Comp. Stat. p. 1640 § 65; 1st Supp. p. 425 § 33,* amending section 65), prescribes three conditions, one of which at least must exist as a basis for judicial intervention.

(1) "Where the corporation is insolvent.

(2) "Where it has suspended its ordinary business for want of funds to carry on the same, and is not about to resume its business within a short time thereafter.

(3) "Where its business has been and is being conducted at a great loss, and grossly prejudicial to the interests of its creditors or stockholders, so that its business cannot be continued with safety to the public and advantage to the stockholders."

None of these conditions appearing in the situation presented by the proof in this case, the order of the vice-chancellor restraining the defendant in the operation of its business and appointing a receiver is hereby reversed.

WHITE J. (concurring).

I concur in the reversal by this court of the order of the court of chancery which, at the instance of a defaulting and unclean-handed stockholder, saw fit, as it seems to me most mistakenly, to subject the only two other stockholders, neither of whom was in any way in default, to serious probable loss by stepping in with its strong summary arm and enjoining the corporation from transacting its own running business and by appointing a receiver to take over such business; the corporation at the time being manifestly quite solvent so far as assets and liabilities were concerned, and whose only creditors, none of whom were complaining, consisted of a bank, which held a note for $1,000 not yet due and which the bank was willing and offered in writing to renew if desired when it did become due, and another note for $2,700, held by an insurance broker for unearned premiums on five-year insurance policies recently taken out by the corporation on its real estate, was not due and the holder of which was also willing to renew at maturity, upon partial payments in the usual way.

It may be that a learned vice-chancellor, as an individual, may well and with good cause seriously doubt his own ability, if placed in charge of this corporation's business, to so conduct it as to successfully pay the principal installments on the mortgages against the corporation's real estate as they should mature year by year in the future, but the statutes have not made such a doubt a sufficient excuse for the trying out of the experiment through a receiver. There are very few corporations which could successfully withstand such a test.

The statutory summary power of the court of chancery to declare corporations insolvent and to appoint a receiver for that cause, is enormous and there is no adequate redress for

its mistaken exercise. The damage done is irreparable and no indemnity bond provides a way for its even partial recovery. Under such circumstances the emphatic cautionary words of Vice-Chancellor Van Fleet in *Atlantic Trust Company* v. *Consolidated Electric Storage Co., 49 N. J. Eq. 402,* quoting opinions by Governor Pennington, Chancellor Williamson and Justice Depue, to the same effect, cannot, I think, receive too high approval and emphatic reiteration at the hands of this court. Gauged by those pronouncements the facts established by the affidavits submitted in the present case seem to me woefully inadequate and insufficient.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS—15.