ARTHUR J. BOOREAM et al., complainants,

*v.*

WASHINGTON CASUALTY INSURANCE COMPANY, defendant.

[Decided March 3d, 1932.]

*Messrs. Morris H. & Charles E. Cohn,* for the complainants.

BERRY, V. C.

The complainants have applied for an order to show cause why the defendant company should not be adjudged insolvent and a receiver appointed to wind up its affairs pursuant to the provisions of the General Corporation act. The defendant company was organized in December, 1927, under the general act concerning insurance companies (*P. L. 1902 p. 407; 2 Comp. Stat. p. 2838*), and the acts amendatory thereof and supplemental thereto. Among the allegations contained in the bill is one to the effect that in December, 1931, the commissioner of banking and insurance caused an examination of the books, records and affairs of the defendant company to be made, determined that the defendant company had become insolvent and thereupon took possession of all the assets of the said company. The complainants are stockholders and creditors of the defendant company. Other allegations of fact contained in the bill are similar to those contained in the petition of the commissioner of banking and insurance in the matter entitled "between Frank H. Smith, commissioner of banking and insurance, petitioner, and Washington Casualty Insurance Company et al., defendants," filed in this court January 29th, 1932, and in which matter I have just filed an opinion. *110 N. J. Eq. 122.* The prayers of the bill of complaint, in so far as they need be considered at this time, are for the usual injunction against the defendant restraining it from the exercise of its privileges and franchises and the appointment of a receiver to take charge of the assets and wind up the affairs of the defendant company. The object of the bill is to relieve the commissioner of banking and insurance of his administration of the company's affairs under the provisions of chapter 244, *P. L. 1931,* and to compel him to surrender and deliver possession of the assets of said company to a receiver or trustee

appointed by this court. The theory of the bill is that this court has exclusive jurisdiction of the affairs of insolvent corporations and that the assumption of the possession of the defendant's assets and the administration of its affairs by the commissioner of banking and insurance is illegal because the act under which he is operating is unconstitutional. Both these questions have been disposed of adversely to the complainant's contention in my opinion in *Smith, Commissioner,* v. *Washington Casualty Insurance Company, supra.*

The only other question which need now be decided is: has this court any jurisdiction under the General Corporation act to appoint a receiver for the defendant company and to wind up its affairs? The question must be answered in the negative. It was raised in my opinion in *Smith, Commissioner,* v. *Washington Casualty Insurance Company, supra,* but not answered, because an answer was unnecessary to a decision in that cause. Much of what I there said, however, is applicable here but need not be repeated. Chapter 244, *P. L. 1931,* provides in detail for the appointment of receivers of insolvent insurance companies and enjoining them from the exercise of their franchises. These provisions are clearly inconsistent with those of section 65 of the General Corporation act. Vice-Chancellor Buchanan has recently reached the same conclusion in *Smith, Commisioner,* v. *Monmouth Title and Mortgage Guaranty Co., 110 N. J. Eq. 117.* Only under the circumstances mentioned in subsection B of section 56 of the General Insurance act as amended by chapter 244, *P. L. 1931,* can this court entertain a bill to enjoin and appoint a receiver of an insolvent insurance company. The requirement is that the commissioner shall have refused, after demand, to take possession.

The requirements of that subsection are jurisdictional. Not only do they not appear here but the contrary is alleged in the bill. The commissioner has not refused such demand and is in actual possession. The application for an order to show cause is denied.