CITY BANK FARMERS TRUST COMPANY, as executor of and trustee under the last will and testament of Peter Cooper Hewitt, deceased, complainant,

*v.*

RINGWOOD COMPANY, defendant.

[Decided May 16th, 1932.]

*Mr. Merritt Lane* (*Mr. Merritt Lane* and *Mr. E. M. Camerson, Jr.,* of counsel), for the complainant.

*Messrs. Whiting & Moore* (*Mr. Borden D. Whiting,* of counsel), for the defendant.

LEWIS, V. C.

Complainant is the owner, as trustee, of a one-sixth interest in the stock of the defendant corporation, and has brought

this suit to obtain the appointment of a receiver. The defendant has a nominal capital only but enormous assets. It was organized for the convenient management of divers interests, consisting of real estate and securities. The directors are the owners of five-sixths of the capital stock.

An important asset of the corporation is a large tract of land containing iron ore on which mining operations were once conducted, then discontinued for several years, and again resumed. While the mines were shut down, the corporation, through its present board of directors, expended large sums of money in maintaining the mines so as to be ready for immediate resumption. During this period of shut-down, the present complainant instituted a prior suit in this court asking that the board of directors be restrained from the proposed operation of the mines because of alleged waste in the directors' manner of dealing with the mines. It was then held by Vice-Chancellor Backes (*Farmers Loan and Trust Co.* v. *Hewitt, 94 N. J. Eq. 65;* affirmed on the opinion below, court of errors and appeals, *Ibid. 187*) :

"Whether the iron mines should be operated at a loss, or closed down at a loss, but less, are purely business and economic problems to be handled by the directors, not by the court, and the majority judgment must prevail, in the absence of a showing of bad faith or abuse of power. *Ellerman* v. *Chicago Junction Railroad Co., 49 N. J. Eq. 217.* It is to be assumed that the defendants, representing, as they do, four-sixths as against the complainants' two-sixths interest, will pursue a course that will best serve the interests of the company. Self-preservation alone would deter them from doing otherwise."

The court refused to restrain the proposed action of the directors. After this decision large sums were expended in keeping the mines free from water and the machinery in repair and ready for operation. Finally the mines were again operated, which has resulted in a further heavy loss to the corporation.

It is argued on behalf of the complainant that the acts of the directors, first in not abandoning the mines and then in

operating the mines at a loss, has been so wasteful to the assets of the corporation that a receiver should be appointed before further wastes and losses occur to the corporation and thereby to complainant as a stockholder.

While it is true that these losses have been very large, and have continued even up to this year, since the institution of the present suit, and while it may seem that they may be due to bad business judgment on the part of the directors, these facts alone do not warrant the appointment of a receiver. The mines are far from being the sole asset of the corporation, and the losses in connection with them have not rendered the corporation insolvent. No claim is made that the directors acted in bad faith or with any intention to defraud the complainant. Since they own the great majority of the stock they themselves sustain the greater part of the losses. As pointed out by Vice-Chancellor Backes, the directors are as much interested in profitable operations as is the complainant. Their self-interest compels them to adopt plans and policies best adapted in their judgment to reduce losses and produce profits. There is nothing to show they did not do so.

After the event it is now clear that a different policy would have saved most of the losses. But the board of directors of a corporation are elected by the stockholders for the very purpose of using their judgment in passing upon business problems of policy; and the court will not oust directors solely because the exercise of that judgment has resulted in a loss.

A decree will be advised dismissing the bill.