Nelson J.H. Edge died on June 13th, 1930, leaving a last will and testament, wherein he bequeathed the residuary estate to one Gaddis. Appellant, who is his nephew and only next of kin, filed a caveat against probate of the will, and thereafter, on August 28th, 1931, appellant and the residuary legatee entered into an agreement, in writing, whereby the residuary legatee, in consideration of the withdrawal of the caveat, stipulated and agreed to pay appellant $150,000 "out of the estate of" decedent, in addition to a legacy of $5,000 given to him by the will. Therein the said Gaddis requested the executors of decedent "to proceed with the administration of the estate, so that the payment of said sum of $150,000 for her account shall be made as follows: $50,000 within ten days after the date of probate of said will; $50,000 on October 1st, 1931; and $50,000 on December 31st, 1931." The agreement further provided that it "shall operate as an order by the residuary legatee and devisee, Myra Watson Gaddis, upon the executors of said estate to pay the said sum of $150,000 in the installments above specified without interest for the account of the said Myra Watson Gaddis as residuary legatee and devisee and as an assignment to Nelson J. Edge, 2d, [appellant] of her interest in the said residuary estate of Nelson J.H. Edge to the extent of $150.000."
The executors paid appellant $100,000 on August 15th, 1932, and $50,000 on September 29th, 1932. Appellant demanded interest at the rate of six per cent. on the several installments, from the respective due dates fixed by the agreement, or, in the alternative, the "interest or income earned on said sum of $150,000 assigned to him as aforesaid." The vice-ordinary disallowed this claim, except to the extent of allowing the income earned on the last installment, $50,000, from September 3d 1932, to September 29th, 1932.
The vice-ordinary held that the agreement referred to did not obligate Gaddis, personally, to pay the sum mentioned; that it was, in effect, an assignment of her interest in the residuary estate to the extent of the sum to be paid to appellant; *Page 410 
that the obligation of the executors, in respect of the time of payment of this sum, was no greater than if the assignment had not been made, and that they could not safely, and therefore were not required to, make payment of any part of the residuary estate until the expiration of one year from the date of the probate of the will; that it was clearly within the contemplation of the parties that the clause prescribing the time for payment of the several installments was subject to the right of the executors to refuse payment, without incurring a liability for interest, for at least a period of one year after the probate of the will; that the agreement did not provide for interest, and that, therefore, the sum to be paid did not bear interest even after the expiration of the period of one year, but that the extent to which the estate benefited by the withholding of the moneys after the expiration of one year should inure to the advantage of appellant. He therefore allowed the income which the estate earned on the final installment for the period hereinbefore stated.
We agree with the conclusion of the vice-ordinary as to the scope and effect of the agreement. It was clearly not intended by the parties, nor were they at liberty to so provide (the executors were not parties to the agreement), that the executors should be required to pay the several installments at the time indicated, or incur a liability for interest in the event of their failure to do so. And the agreement did not place upon Gaddis the burden of interest, in the event that the executors did not pay the installments at the times prescribed by the contract. The clause in question was, in effect, a request to the executors to make the payments, at the times specified, out of the moneys due Gaddis under the residuary clause, if the executors found that they could, with safety and without inconvenience, do so. There was no covenant by Gaddis to pay the several installments at the time prescribed, and therefore no breach of the agreement, in this respect, that would entitle appellant to interest. Interest is the penalty for the detention of a debt. Appellant's alternative proposition, i.e., that he is entitled to the earnings of the sum agreed to be paid, is without substance. The agreement expressly provided that it should operate as an order by Gaddis upon *Page 411 
the executors "to pay said sum of $150,000 in the installments above specified without interest * * * and as an assignment * * * of her interest in the said residuary estate * * * to theextent of $150,000." There was an assignment of the principal sum only. The absence of an interest clause, or like provision, is persuasive that the parties stipulated for the payment only of the principal sum.
We have not considered the propriety of the allowance to appellant of that portion of the income of the residuary estate, earned between September 3d 1932, and September 29th, 1932, as is represented by the ratio which the sum of $50,000 (the last installment), bears to said residuary estate, as it was during that period, and express no opinion with respect thereto. There was no cross-appeal from this portion of the decree, and the question is therefore not before us.
Decree affirmed, with costs.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, WELLS, DILL, JJ. 13.
For reversal — None.