JOHN ARGALAS et al., complainants-respondents,

*v.*

THE FRANK THEISS COMPANY et al., defendants-appellants.

[Submitted February 15th, 1934.  Decided April 12th, 1934.]

*Messrs. Rossbach & Crummy (Mr. Adam J. Rossbach),* for the defendants-appellants.

*Mr. Max Krueger (Mr. Allan Krieger),* for the complainants-respondents.

The opinion of the court was delivered by

BODINE, J.

The defendant appeals from a decree appointing a receiver to prevent a wasting or fraudulent diversion of its assets.

More than a dozen years ago, the defendant was incorporated to manufacture cases for musical instruments. The incorporators were practical men, who worked hard in the business, so that a relatively large annual profit resulted until the last few years. Bad times have not made the incorporators the best of friends. The minority stockholders desire a receivership. The majority are opposed.

Although suitable reserves were created and wages and expenses were curtailed to a minimum, a small net loss has occurred in each of the last two and a half years. However, the company's plant is clear. It has no wage or merchandise creditors, and possesses both cash and investments to provide a suitable basis for credit, if operations warrant. The

present management appears both wise and capable. The current business is so managed that the continuance of the business, if it results in little profit, will occasion but little, if any, loss.

The learned vice-chancellor felt that such inroads had been made upon the business by recent developments in the radio and movietone art that the continuance of the manufacture of musical instrument cases amounted to a wasting or fraudulent diversion of the company's assets (*114 N. J. Eq. 512*). It does not seem so. We do not think the action taken was in the best interest of all the stockholders. *Tachna* v. *Pressed Steel Car Co., 112 N. J. Eq. 411.* Courts can seldom be sure the manufacture of any article of commerce will be attended with either a profit or loss. Those who devote their money and time to the conduct of a corporate business should not be subjected to the loss of all in times of great financial stress.

It abundantly appears in this case that those in charge have curtailed manufacturing expense to the actual requirements of the business, and although the future must always be uncertain there is no reason why those who have wisely conducted the affairs of a business during the most trying times of the last half-century should have the same liquidated at present. It is no trifling thing to destroy a corporation. The interests of the stockholders do not require such action in this case.

The decree below is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUS-KIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.