The bill of complaint is brought by minority stockholders and bondholders on behalf of all stockholders, bondholders and creditors for the appointment of a receiver for National Finance Corporation of America. The bill charges: (1) that the corporation is insolvent, and (2) that the business of the corporation is being fraudulently conducted and prays the appointment of a receiver under the general equity powers of the court.
Under (1) it is charged that the business of the defendant and its affiliated companies has been, is being and will be conducted at a loss and greatly prejudicial to the interests of creditors, stockholders and bondholders, and that the business cannot be conducted with safety to the public and advantage to the stockholders.
Upon the return of the order to show cause issued upon the filing of the bill an order was made restraining the company from paying out moneys and selling, assigning, transferring, mortgaging, or otherwise disposing of its assets, except in the ordinary course of business, and all other equities were reserved and the matter continued from time to time thereafter in order to afford accountants selected by complainants with the consent of defendants, an opportunity to examine the books of the corporation respondent. The examination completed, the matter is now before me on bill, affidavits and replying affidavits.
The appointment of a receiver rests in the exercise of sound discretion on the part of the court, and here the proofs do not justify the appointment of a reciver for the following reasons:
(a) The proportion of stockholders and bondholders prosecuting the suit is very insignificant compared to the total number of stockholders and bondholders, and while that of itself is not controlling, it is pertinent upon the *Page 233 
balancing of equities, that is, upon the question of whether greater inconveniences and loss will come to complainants or defendants in granting or withholding of preliminary relief.Aldrich v. Union Bag and Paper Co., 81 N.J. Eq. 244. The company has twenty-five thousand seven hundred and eighteen shares of preferred stock issued and outstanding as of June 30th, 1934. Its securities are in the hands of seven hundred and forty-one individual preferred stockholders and two hundred and twenty-one bondholders. The complainants together represent nine hundred and twenty-seven shares of preferred stock, and three of the complainants are bondholders, in the aggregate sum of $4,400. The majority stockholders and bondholders are assumed to be opposed to the receivership, and resisting this bill through the corporate respondent. Kipp v. Fidelity Title and MortgageGuaranty Co., 115 N.J. Eq. 409.
(b) The bill and affidavits of complainants to a large extent contain conclusions, and where facts are alleged and proven, the proof contained in the replying affidavits leads me to doubt that the corporation is insolvent within the provisions added to the sixty-fifth section of the Corporation act by the amendment (P.L. 1912 p. 535), and the decisions of our court of errors and appeals. The accountants for complainants and the accountants for defendants do not agree that the corporation is insolvent. The court is not obliged to act at any time. Glaser v.Achtel-Stetter's Restaurant, Inc., 106 N.J. Eq. 150. It must weigh and consider the interests of all and exercise great caution. Rawnsley v. Trenton Mutual Life Insurance Co., 9 N.J. Eq. 95; Tachna v. Pressed Steel Car Co., 112 N.J. Eq. 411.
Courts can seldom be sure that a corporate business will be attended with either a profit or loss. Argalas v. Frank TheissCo., 115 N.J. Eq. 561. "Depriving a statutory legal business entity of its corporate life, is a judicial act which should not be lightly exercised, since the intervention of the court carries with it very often in practical execution not only the destruction of the livelihood of those who subsist by its existence, but also the investments of those who have confidently *Page 234 
contributed their means to its successful creation." Greenbaum
v. Lafayette and Broad Realty Corp., 96 N.J. Eq. 317. Under conditions such as presently exist because of the business depression, whether a corporation should continue business even where a loss is shown, is "a purely business and economical problem to be determined by the directors of the corporation and not by the court." Kelly v. Kelly-Springfield Tire Co.,106 N.J. Eq. 545.
Under (2) the allegations of fraud, the proofs, for the most part, raise questions of policy in regard to management which must be left solely to the directors, and in which this court may not interfere. The application under this portion of the bill of complaint is for a receiver of the company whose directors and officers are alleged to have been guilty of fraud and gross mismanagement. Such charges, however, are denied and it does not appear that complainants will suffer irreparable injury unless granted preliminary relief by the appointment of a receiverpendente lite. The conditions charged, but denied, if they exist have prevailed for some time, and no serious harm can come to the complainants during the time which will elapse between this time and the final hearing. The appointment of a receiverpendente lite at this time would amount to giving the full measure of relief to which complainants may be entitled on final hearing, and courts do not grant such relief except under most urgent circumstances, and none such exist herein. Aldrich v.Union Bag and Paper Co., supra, and cases cited.
The order to show cause is discharged and the restraint vacated. *Page 235