The appointment of receivers of corporate organizations, whether to accomplish a liquidation under the authority of the Corporation Act or to serve in a custodial capacity in pursuance of the inherent equitable jurisdiction of this court, is an important adjudication which is rendered only with supreme caution and upon imposing and persuasive supporting proof. The designation of such receivers is not a remedial measure to which a litigant is entitled as a strict legal right. It emanates in the given case from the exercise of sound judicial discretion.Federal Terra Cotta Co. v. Atlantic Terra Cotta Co., 133 N.J. Eq. 360; 32 Atl. Rep. 2d 331; Laredef Corp. v. FederalSeaboard Terra Cotta Corp., 131 N.J. Eq. 368; 25 Atl. Rep.
2d 433; re custodial receivers, see Edison v. EdisonUnited Phonograph Co., 52 N.J. Eq. 620; 29 Atl. Rep. 195;Sternberg v. Wolff, 56 N.J. Eq. 555; 42 Atl. Rep. 1078; In reNew Jersey Refrigerating Co., 95 N.J. Eq. 215; 122 Atl. Rep. 832;Smith v. Washington Casualty Insurance Co., 110 N.J. Eq. 122,136; 159 Atl. Rep. 510.
In the present cause some precursory comments seem to be appropriate and significant. The bill of complaint was filed and process issued on December 2d 1946. The bill was supplanted by an unverified amended bill on December 6th, *Page 358 
1946. In both the original and amended bills the complainant has alleged that the defendant Progress Building Materials Company "has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors and stockholders," but there is no allegation in either that "its business cannot be conducted with safety to the public and advantage to the stockholders."
To warrant the dissolution of the company on the ground intimated by the bill, the complainant must charge and adequately establish the three essentially jurisdictional facts: (1) defendant's business has been conducted prejudicially and at great loss; (2) it is being so conducted; and (3) the defendant's business cannot be conducted in the future with safety to the public and advantage to the stockholders. R.S.14:14-3; N.J.S.A. 14:14-3; Kelly v. Kelly-Springfield Tire Co.,106 N.J. Eq. 545; 152 Atl. Rep. 166; Fox v. Pathe Exchange,Inc., 106 N.J. Eq. 522; 151 Atl. Rep. 463; Shonnard v. ElevatorSupplies Co., Inc., 111 N.J. Eq. 94; 161 Atl. Rep. 684; Kron v.Trenton Automotive Collateral Co., 96 N.J. Eq. 162;124 Atl. Rep. 757; Laredef Corp. v. Federal Seaboard Terra Cotta Corp.,supra. The object of the statute is to protect the public at large from imposition as well as to promote and secure the general interests of stockholders and creditors.
And then it is observed that neither the original nor the amended bill is accompanied by any serviceable and sustaining verification of its factual averments. Consequently no coincident application was made for the appointment of a receiver, and on December 30th, 1946, the defendants filed their answer. I am unable to discover in the file any replication to the answer.
The present summary inquiry relative to the continued exercise of the charter powers of the three corporate defendants, Progress Building Materials Company, Par-Lock Appliers of New Jersey, Inc., and Glowsand Company, was initiated by a petition presented on behalf of the complainant on January 21st, 1947.
In Tachna v. Pressed Steel Car Co., 112 N.J. Eq. 411;164 Atl. Rep. 413, Mr. Justice Bodine remarked: "The *Page 359 
present proceeding was commenced by filing a bill of complaint in the clerk's office and the service of a notice of an application upon a later date for the appointment of a receiver. This practice is irregular and subversive of the legislative will that the Court of Chancery should first consider the merits before the corporate credit can be publicly assailed. Such procedure might result in disaster."
Amid the superficial characteristics to which I have already alluded is the additional observation that the status of the complainant in the prosecution of this cause is solely that of a stockholder of the Progress Company. It is not evident that he is a stockholder or a creditor of either of the two other corporate defendants.
It may be mentioned in this regard that the complainant as a stockholder of the Progress Company in seeking to enforce a strictly corporate right of that company against the other corporate defendants should be prepared to prove the elements alternatively essential to the maintenance of such a cause of action. Vide, Toothe v. Dozier, 96 N.J. Eq. 601;126 Atl. Rep. 316.
Counsel for the complainant at the argument very definitely sought to invoke the statute (R.S. 14:14-3; N.J.S.A. 14:14-3) in support of his application. The appointment of a statutory receiver or receivers to liquidate and distribute the assets of the Progress Company, much less of the other corporate defendants, is manifestly unwarranted. I was not convinced that the complainant sincerely desires either a suspension of the business enterprises of the companies or the deprivation of their corporate existence.
I have necessarily consulted the petition and its prayer. It implores the court to enjoin the three corporations from further exercising their corporate franchises and to appoint a receiver "to take, hold and preserve all of their property and assets and to conduct the business of said company under the supervision of the court." The petition, literally interpreted, seems to contemplate the induction of a custodial receiver, essentially a preliminary injunctive expedient. There is a substantial distinction between specific protective restraints and the paralytic effect of a receivership. Recognizing *Page 360 
the application as one for the appointment of a custodial receiver to serve pendente lite, I am not persuaded that such extreme intermediate relief is exigent. The manner in which the cause has been conducted would not indicate that there has been any apprehension of impending irreparable injury to the interests of the complainant and any such consequent urgency.
This litigation emerges from dissension implicating the management of the corporate affairs between the complainant, who is vice-president and a director of the Progress Company, and the defendant Andrew B. Hammitt, who is the president and treasurer. The complainant asserts that Mr. Hammitt is conducting the business of the Progress Company sacrificially and to the profit and advantage of the two other corporate defendants, in which Mr. Hammit is the principal stockholder. The rights of the complainant as a stockholder are, of course, entitled to protection. The affidavits do not disclose that his rights are so immediately imperiled as reasonably to necessitate the appointment of a receiver of the companies. Let the cause proceed to final hearing without prejudice to the privilege of the complainant to apply for such intermediate restraints as circumstances may occasion.
The order to show cause is discharged. *Page 361